## McCORMICK & BRO. v. DUNVILLE.

**Sales of personal property : WARRANTY.** Where, on the sale of a machine, the seller warrants that it will operate in a certain manner, and agrees that if it does not he will take it back and return the money, there being no express undertaking that the vendee shall in such case return the machine, the latter may, on breach of the warranty, retain the machine and recover damages sustained by the breach.

*Appeal from Jones Circuit Court.*

THURSDAY, JUNE 19.

THE plaintiffs claim of defendant $100 and interest on a promissory note dated June 4, 1866, due thirty-one months after date. The defendant filed an answer and cross-claim.

The answer admits the execution of the note, that plaintiffs own it and that it is not paid; and alleges that it was given in part payment of a reaping and mowing machine purchased of plaintiffs by defendant, which plaintiffs warranted to be a good reaping machine, sound in every respect, and that it would reap ten or twelve acres of grain and cut ten acres of grass per day. And that plaintiffs agreed in case said machine upon trial did not work as warranted, defendant might notify plaintiffs, and they would receive the same back and return the said note. That the machine did not work as warranted, but was worthless. That defendant notified plaintiffs of the worthlessness of the machine and requested them to take it back, which they refused to do.

The cross-claim sets forth the warranty, its breach, and notice as alleged in the answer, and states that by reason thereof defendant has sustained damage to the extent of $125, for which he asks judgment. Jury trial. Verdict and judgment for defendant. Plaintiffs appeal.

The further facts appear in the opinion.

*Milton Bundy* and *Conklin & St. Clair* for the appellants.

*Sheean & McCann* for appellee.

DAY, J.— The testimony in chief of the defendant, respecting the purchase of the machine, is as follows: " About the 1st of June, 1866, I called on O. Gable, agent of plaintiffs at Anamosa, to receive from him some money, amounting to $20, that he was owing me. He wanted me to buy a machine and he would turn what he owed me as part payment. I told him if the machine would work as well as any other machine I would take one. He warranted it to be sound and that it would cut ten or twelve acres of grain, and eight or ten acres of grass per day. He said that it was as good as any other combined machine for mowing, and agreed that I should take it home and give it a trial, and if it did not work as represented and warranted he would take it back. He gave me a written and printed warranty but it got torn up and lost, but the substance

of the warranty was as stated above. It also said that if the machine did not work as represented they would take it back. I took the machine home, but had not tried it when Gable told me that he was going west for a while and wanted me to give my notes so that they would draw interest from the 1st of July, and said that if the machine did not work I might bring it back and he would give me back my notes. I gave my notes, one for $25, one for $30 and one for $100, which, with the $20 Gable owed me, made up the price of the machine, $175. Afterward I tried the machine as a mower. It would not work well, choked up and skipped along without cutting. It would not work at all as a mower. I cut about ten acres of grass but it was not well done. I was dissatisfied and came to Anamosa, but could not find Gable, he had gone away. I went to where he had done business, and was told that Gable had no interest there, that they had no right to receive the machine back. I did not bring the machine to Anamosa. I kept the machine and tried it as a reaper and found that it did not work well. I went for Mr. Joseph Wood to get him to come and help me to get the machine started. Jos. Wood filed the pitman shaft and helped to start the machine. It would not cut before the pitman shaft was filed, but afterward it cut well enough on good ground if you put power enough before it. On sidling ground it would tip; it tipped over once. I didn't like the way it worked and I wrote to plaintiffs and told them that the machine would not work, and in reply I received the following letter from their general agent:

'LYONS, IOWA, *July* 18, 1866.

'OLIVER DUNVILLE, ESQ.,

'ANAMOSA, IOWA: Dear Sir — Yours of the 14th to McCormick & Bro. was received by me to-day, and in reply will say to keep the machine until I come out and see you, at which time I will do what is right in the case. Please write me which way, and how far you live from Anamosa, so that I can find you. Yours truly,

'E. P. SAVAGE, *Gen. Agent.*'

" I paid the notes first due. One was left with Squire Dott for collection. I paid them, intending to make a settlement for the defects of the machine out of the last note, the one sued on. The machine was not worth any thing. It would not balance, it tipped backward so that it required one man on it all the time to cut at all."

Other testimony was introduced upon the part of defendant showing that the machine was defective in many respects, and useless for ordinary reaping purposes.

The plaintiff introduced the deposition of O. Gable, who testified " that he sold the machine to defendant and gave to defendant the printed pamphlet of plaintiffs, but made no representations further than those contained in the pamphlet. There was no special warranty made. The defendant never offered to return the machine to me." Other evidence was introduced showing that the cost of a new pitman would not exceed $2.50, and that the tipping of the machine could have been remedied by moving the beam.

The court refused, at the instance of plaintiffs, to instruct the jury, in substance, that if plaintiffs warranted the machine to work as claimed by defendant, and agreed in case it did not so work that they would take it back and return the money paid and notes, this would amount to a conditional sale, and it would be the duty of the defendant, in order to be released from liability on the notes, to return the machine, or if the plaintiffs could not be found, to keep the machine subject to their order ; and gave the jury the following instructions :

" 2. The question for you to determine is this : Was the machine warranted as represented ? If so, did it fail to operate as it was warranted to do ? And if it did so fail, what was the amount of damages sustained by the defendant ? The burden of proof to establish these allegations is upon the defendant, and he must satisfy your minds by a preponderance of evidence that the machine was warranted and that it failed to operate as warranted, or it will be your duty to return a verdict for plaintiffs for the full amount due on the note by its terms.

" 3. If you find from the evidence that the plaintiffs' agent did warrant the machine as represented, and that it failed to answer its warranted character, then the measure of defendant's damages is the difference between the value of the machine in the condition in which it actually was at the time of the sale, and what it would have been had it answered its warranted character.

" 4. The defendant alleges in his answer that it was the contract between the parties that if the machine upon trial of the same did not perform as it was warranted, that upon being notified plaintiff would receive back the same and return the defendant the money paid, and that the defendant notified plaintiffs of the fact that the machine would not work, and requested them to receive it back and return the money, which they refused to do.

" 5. If you find that this was the contract between the parties, then you are instructed that defendant cannot recover on his counter-claim for damages without having returned the machine to plaintiffs, or without proving an offer to return, and a refusal by them to receive it, provided the plaintiffs or their agent could be found."

It is claimed by appellants that in refusing the instructions asked, and in giving the second and third instructions above set forth, the court adopted an erroneous view of the law applicable to the case; and that the fifth instruction being applied solely to the counter-claim, the jury, under the instructions, could defeat the recovery upon the note without proof of any offer to return the machine. The position of appellant is that under the issue and the evidence the sale and warranty are conditional, and that defendant can avail himself of the provisions of the warranty only by a return or an offer to return the machine, that he cannot retain it and recover the difference between the actual value and what that value would have been if the machine had been as warranted. The only evidence of the terms of the warranty is contained in the testimony of the defendant himself; for whilst the witness Gable testifies that he made no other warranty than that contained in

the printed pamphlet of plaintiffs, he does not show what that pamphlet comprised. The evidence of what the warranty embraced is as follows: " He warranted it to be sound, and that it would cut ten or twelve acres of grain and eight or ten acres of grass per day. He said that it was as good as any other combined machine for mowing, and agreed that I should take it home and give it a trial, and if it did not work as represented and warranted he would take it back. He gave me a written and printed warranty, but it got torn up and lost, but the substance of the warranty was as stated above." This evidence establishes, in our opinion, an absolute and not a conditional warranty. Plaintiff through his agent agreed to take the machine back if it did not work as warranted ; but it does not seem that it was made a condition of the defendant's right of recovery for a breach of the warranty that he should return or offer to return the machine. In this respect this warranty differs from that construed in *Bomberger, Wright & Co.* v. *Griener*, 18 Iowa, 477, in which there was an express agreement that the machine should be returned if it failed to work as warranted. This case differs also from *Gammar & Prindle* v. *Borgain*, 27 Iowa, 369, in which it was sought to defeat the recovery entirely by simply showing a breach of warranty, without any offer to return to the place stipulated, the order for the machine stating that if it did not answer the warranty it was to be returned to Cedar Falls free of charge. This case is also distinguishable from *Williams* v. *Donaldson*, 8 Iowa, 108, in which the condition of sale was that if the machine did not work as warranted, the vendee was to store and safely deliver it to the vendors or their agent. It falls more nearly within the principles of *Aultman, Miller & Co.* v. *Theirer*, 34 Iowa, 272.

We are, therefore, of opinion that the court did not err to the prejudice of appellant in giving the instructions complained of, nor in refusing to give those asked.

II. It is further urged that the evidence does not support the verdict. The most that can be said is that it is conflicting.

It seems to us that it fairly supports the verdict. The verdict, at least, is not clearly and manifestly against the weight of evidence.

Affirmed.