## WHITE v. ADAMS.

1. **Contract:** GOODS MADE TO ORDER : DEFENSE : PLEADING. Action for the price of certain patterns alleged to have been made for and delivered to defendant upon his order. Defendant answered that "said patterns were not reasonably fit and proper for the purpose for which plaintiff made them, and were not reasonably fit and proper for use in defendant's business," and were not in shape, form and style as requested by defendant. Plaintiff moved to strike out that portion of the answer enclosed in quotation marks above, but the motion was overruled. *Held* no error, though the court instructed the jury that the only question of fact was, Were the patterns made as ordered by defendant?

2. **Practice:** OPENING AND CLOSING. The question as to who has the burden of proof, and the right to open and close, is a matter of practice, and the ruling of the trial court thereon will not be reviewed unless there is proof of an abuse of discretion. (See *Viele v. Insurance Co.*, 26 Iowa, 9.)

3. **Evidence:** NOT RELEVANT TO ISSUE. Where a case turns upon one single question of fact, evidence not relevant thereto is properly excluded.

4. **Instructions:** SPECIAL INTERROGATORIES: WHEN PROPERLY REFUSED. Special interrogatories submitting questions not relevant to the issue are properly refused, and so are such as call for an answer to the ultimate fact in issue. (See opinion for application of rule.)

5. ——— : AS TO BURDEN OF PROOF : CONFLICT. The court, having clearly instructed the jury that the burden of proof was upon the defendant, told them in the next instruction that the only question was, Were the patterns made as ordered by defendant? and then proceeded to say : "If you find by a fair preponderance of the evidence that they were so made, then your verdict should be for the plaintiff, but if not, then your verdict should be for defendant." *Held* that, taking the instructions together, the jury must have clearly understood that the burden was on defendant to show that the patterns were not made as ordered by him, and therefore there was no substantial conflict.

*Appeal from Des Moines District Court.*—Hon. CHARLES H. PHELPS, Judge.

FILED, MAY 10, 1889.

THIS action was originally brought against A. G. Adams, and, upon his death being suggested, F. O. Adams, administrator, was substituted as defendant. Trial to a jury. Verdict for defendant. Plaintiff appeals. The facts appear in the opinion.

*Power & Huston*, for appellant.

*C. L. Poor*, for appellee.

GIVEN, C. J.—I. The plaintiff seeks to recover $107.25 for certain patterns for boots in the quantities, sizes and styles, and for the price, specified in an itemized account, alleged to have been manufactured at the instance and request of the defendant, and delivered to him, and to be reasonably worth the price charged. The defendant admits that he requested plaintiff to manufacture and ship to him certain boot patterns, in number and general description as specified, to be used in defendant's business, and that the plaintiff did ship the goods specified in the petition. The defendant says that said patterns were not reasonably fit and proper for the purpose for which plaintiff made them, and were not reasonably fit and proper for use in defendant's business, and were not in shape, form and style as requested by defendant; wherefore they were of no value, and were returned to the plaintiff.

II. The plaintiff moved to strike from the answer the allegation that the patterns " were not reasonably fit and proper for the purpose for which plaintiff made them, and were not reasonably fit and proper for use in defendant's said business," which motion was overruled, and which ruling is assigned as error. There was no error in this ruling. The petition asked to recover for

1. CONTRACT : goods made to order : defense : pleading.

boot patterns manufactured and delivered at the instance and request of the defendant. It is a good defense to such a claim that the article furnished was not reasonably fit for its intended purpose. It appeared on the trial that the defendant, having tested certain models for boot patterns made by the plaintiff, sent the models to the plaintiff from which to make the patterns sued for. The plaintiff claims to have made them according to the model, while the defendant claims that they were not so made, and hence the court properly instructed the jury, that the only disputed question of fact is, " Were the patterns made as ordered by the defendant?" Even upon this single issue the motion was properly overruled. The law is: " Where an article of a certain and definite nature is to be manufactured to order, the seller, of course, can in no sense be considered as warranting it to be appropriate to the use to which the buyer intends to apply it, but only to be as fit as any similar article complying with the order can reasonably be expected to be; that is, the seller does not warrant the judgment of the buyer in ordering such an article for such a use, but only the fitness of the article, as far as its quality is concerned. * * * But if the skill and judgment of the maker be relied upon, and he be requested to make a machine adapted to a particular purpose, the manufacturer would be bound to supply an article reasonably fit to acccomplish such purpose." 2 Story, Cont., sec. 1075.

III. On the trial the defendant was allowed the opening and closing, to which the plaintiff excepted. The question as to who has the burden of proof is properly a matter of practice, and the ruling of the court thereon will not be reviewed, unless there is evidence of an abuse of discretion. *Viele v. Insurance Co.*, 26 Iowa, 9. There was no abuse of discretion in allowing the opening and closing to the defendant.

2. PRACTICE: opening and closing.

IV. The plaintiff offered in evidence a certain letter from himself to defendant, to which defendant objected,

**8. EVIDENCE:
not relevant
to issue.**

and the objection was sustained to the part thereof which says : "It would be my advice to you to have this order of patterns made up the regular way. It will not be much expense to have them changed over for the machine." As the case turns entirely upon the single question of fact, already stated, this part of the letter, and, indeed, the whole letter, was immaterial.

V. The plaintiff requested the court to submit the following special findings, which were refused, to-wit:

**4. INSTRUCTIONS:
special inter-
rogatories:
when properly
refused.**

*First.* Were the paper models by which the plaintiff cut the patterns made under and in accordance with the instructions of A. G. Adams, given by himself, or his agent, F. O. Adams? *Second.* Were the patterns in controversy made by plaintiff in accordance with the paper models, cut by plaintiff under the instructions of A. G. Adams, or his agent, F. O. Adams? The only question submitted to the jury being : "Were the patterns made as ordered by the defendant?" the first special interrogatory was immaterial. There was no question made to the jury but that the models were in accordance with directions. The question was as to the patterns. Immaterial questions should not be submitted to the jury. *Bonham v. Insurance Co.,* 25 Iowa, 328. The second question calls for an answer as to the ultimate fact,—were the patterns made by the plaintiff in accordance with the paper models? To answer this either in the affirmative or negative would be a complete determination of the case. It is a request for a special verdict, as provided for in section 2807 of the Code, rather than for an answer to a special interrogatory, as provided for in section 2808. It is in the discretion of the jury whether the verdict should be general or special, and the provision in regard to special interrogatories does not apply. There was no error in refusing to submit these questions to the jury.

VI. It is claimed that the first, second and eleventh instructions given by the court are in conflict as to the

5. ——: as to burden of proof : conflict.

burden of proof. In the first instruction the court says: "Under these pleadings, the burden is upon the defendant to establish his defense by a fair preponderance of evidence, and if he does this your verdict should be for him, but if he fails in this, then your verdict should be for the plaintiff." In the second, after telling the jury that the only question is, "Were the patterns made as ordered by the defendant?" they are told: "If you find by a fair preponderance of the evidence that they were so made, then your verdict should be for the plaintiff, but, if not, then your verdict should be for the defendant." Taking the instructions together, it must have been clear to the minds of the jurors that the burden was on the fendant to show that the patterns were not made in accordance with the models. The seventh and eighth instructions are in accordance with the law as stated above, and were properly given to the jury. There being no error in either of the respects assigned, and the verdict being fully sustained by the evidence, there was no error in overruling the plaintiff's motion for new trial, nor in rendering judgment for the defendant for costs. AFFIRMED.