## JOHN J. KEMP AND HENRY C. LOWREY

### v.

## CLINTON D. FREEMAN.

*Sales—Stallion—Warranty—Breach—Rescission—Damages—Custom.*

1. If a seller in case of an absolute, completed and unconditional sale warrants an article sold to possess certain desirable qualities, a breach of such warranty does not annul the sale, nor has the buyer for that reason either right or power to return the same and reinvest the seller with its ownership, but must resort to his action for damages.

2. If the seller acted fraudulently in accomplishing the sale, or if it be shown that he had knowledge that the warranty was false when he made it, the buyer may return the property and demand a rescission.

3. In an action brought to recover for an alleged breach of a written warranty of a stallion, this court holds that the same was an absolute warranty as to certain qualities, and that the buyer had the option of an action on the breach for damages, or to return the horse and receive another in his stead.

4. This court also holds, that extrinsic evidence should not be admitted in a given case touching the subject-matter of a written contract that is not ambiguous, indefinite or unintelligible, and does not contain any word or phrase that has a special business or trade meaning.

[Opinion filed December 3, 1891.]

APPEAL from the County Court of McLean County; the Hon. C. D. MEYERS, County Judge, presiding.

Messrs. J. M. WEAKLEY and F. Y. HAMILTON, for appellants.

Messrs. FRANK R. HENDERSON and EZRA M. PRINCE, for appellee.

BOGGS, J.   In this action in the court below the appellee recovered a judgment of $500 against appellants, for an alleged breach of warranty of a stallion sold by appellants to appellee.

The warranty was a written one, and so far as it concerns the issue here, is as follows:

" We warrant the animal to be sound and healthy and in every respect an average breeder, and in case he fails to be an average breeder we agree to take him back and replace him with another horse of equal value and merits."

The breach alleged is that the horse failed to be an average breeder.

Appellants contend that this contract of warranty compelled the appellee in a case of a breach in this respect claimed, to return the horse, and accept in its stead another that possessed the quality required by the warranty.

A contract no doubt might have been so framed as to deprive the appellee of his legal right to an action for damages in case of a breach, and to require him in lieu thereof to return the horse and accept another that would satisfy the warranty. The contract under consideration does not, however, even purport so to do, but on the contrary, by it the sellers warrant the horse to be an average breeder, and in addition to such warranty upon which the buyer may recover damages if there be a breach, the sellers agree that they will accept a return of the horse and replace him with another of merit and value equal to the warranty.   Clearly the buyer has the option of an action on the breach for damages, or to return the horse and receive another in his stead.

He selected an action at law for damages and no reason is known why he can not maintain it.

The law governing such transactions is that if the sale is an absolute, completed one, the title to the property sold passes on delivery to the buyer and he becomes the owner. If the seller warrants the property sold to possess certain desirable qualities, a breach of that warranty does not annul the sale, nor has the buyer for that reason either right or power to return the thing bought and reinvest the seller with its ownership, but he must resort to his action for damages.

It is true that if the seller act fraudulently in accomplishing the sale, or if it be shown that he had knowledge that the warranty was false when he made it, which is a species of fraud, the buyer may return the property and demand a rescission.

The annulling of the sale for either of these reasons would be because of the fraud, and not because of a breach of the warranty.

The transaction between these parties was an unconditional, absolute and fully completed sale with a warranty of the seller superadded. Had there been no condition in the contract by which the appellants bound themselves to take the stallion back in case of a breach of the warranty, the appellee could only have kept the horse and sought damages for the breach. Addison on Contracts, Sec. 632; Crabtree v. Kile, 21 Ill. 180. Owens v. Sturgis, 67 Ill. 366. The clause by which the appellants agreed that the horse might be returned if there was a breach of the warranty, only operated to give the appellee that privilege which otherwise he would not have had, and such privilege he could exercise only on condition that he accept from the appellants another horse of value and merit equal to the warranty.

The law gave appellee a right of action to recover damages for a breach of the warranty and compelled him to keep the horse. The appellants agreed by the contract that he might return the horse instead of bringing suit for damages, if he would accept another horse instead of the one he had bought.

Appellee had the legal right to take either course, and he elected to recover the damages.

Appellants insist that even if the appellee was not required by the contract to accept another horse that the proof shows

that he did at the end of the season return the horse, and then agreed that he would try the animal another season, and if he did not then prove a satisfactory breeder that he would bring him to the appellants and accept another that was satis-- factory. As to this it need only be said that the testimony bearing upon this alleged subsequent contract was contradict- ory and conflicting, and that the court by the second instruc- tion given for the appellants directed the jury to find for the appellants, if they found that the subsequent contract was made, as appellants claimed, and that the finding of the jury on this question of facts under proper instruction was against the appellants.

We can not, upon principles too familiar to need the cita- tion of authority, set aside such finding.

Appellants offered to prove a custom to receive back a stallion failing to prove a foal getter and give another in return, but the court upon objection of the appellee refused to allow such testimony to go to the jury. This is complained of as a ground of error.

The contract is not ambiguous, indefinite or unintelligible, nor is it contended that any word or phrase in it has a special business or trade meaning. The general rule is, that as to parties on the subject-matter of a contract, extrinsic evidence may be heard to make them certain if necessary for that pur- pose. But as to the terms, conditions and limitations of an agreement the written contract must speak for itself. 2 Par- sons on Contracts, 549–50.

We think the court held correctly in excluding the evi- dence so offered.

The court refused five instructions asked by the appellants. We have examined them, and without stopping to partic- ularize as to each of them we need only say that the instruc- tions given when all considered together state fully and fairly the law applicable to the case, and that no error occurred in refusing such as were refused.

Finding no reversible error in the record the judgment is affirmed.

*Judgment affirmed.*