FRANK A. SEYMOUR ET AL. V. J. W. PHILLIPS.

FILED FEBRUARY 6, 1901. No. 9,309.

1. **Sale: WARRANTY: NOTICE: EVIDENCE.** A harvesting machine was sold on a special warranty that it was made of good material, properly constructed, and would do good work, and conditioned that if the machine did not work as represented, notice thereof should be given the seller and a reasonable time allowed to remedy the defects and to put it in proper order to do good work, when, if it could not be made to do good work, it should be returned to the place where received, and payment of money or notes returned. Upon trial the machine failed to do good work, and an expert was called, who partially remedied the defects, the machine, however, failing to satisfactorily do the work for which it was intended, of which the seller had notice. After the harvest the buyer gave his notes for the machine and retained it with the agreement, as he testified, that the machine should be put in good repair and made to do proper work. Negotiations for repairs continued for some time, and no repairs being made, the buyer offered to return the machine, which was refused. *Held,* Under the facts and circumstances, that the retention of the machine did not estop the buyer from recovering, by way of counter-claim in a suit on the notes, damages because of a breach in the warranty as to the material, workmanship and work guaranteed to be performed by such machine, and that the seller had waived its right to insist on the machine being returned and the contract rescinded under the provisions of the special warranty.

2. **Evidence.** Where the evidence is conflicting, a verdict of the jury as to amount of damages sustained will not be set aside unless clearly wrong and unsupported by sufficient competent evidence.

3. **Limitation of Argument.** Where the issues are not complicated, and the amount involved is small, it is not error for the trial court to limit the time for argument to the jury by counsel to fifteen minutes on each side.

ERROR from the district court for Buffalo county. Tried below before GREENE, J. *Affirmed.*

*McDonald & Squires,* for plaintiff in error.

*B. O. Hostetler,* contra.

HOLCOMB, J.

Plaintiff in error, also plaintiff below, brought an action to recover on two promissory notes, executed by

the defendant, in the sum of $50 each.  By answer defendant admits the execution of the notes, and pleads
that they were given as a part of the purchase price of
a certain harvesting machine, and that in the purchase of
such machine the plaintiff warranted it to be of good
material and workmanship and to be properly constructed and to do good work of the character for which
it was intended; that there was a breach of the conditions of the warranty, and the defendant suffered damages in a sum equal to and greater than the amount due
on the notes; that he had offered to return the machine,
but that the plaintiff refused to accept the same; wherefore he asked to be dismissed from the action with his
costs.  The reply admitted the giving of a warranty, but
pleaded that it was a special warranty, setting forth a
copy, and that the defendant had failed to comply with
its terms by him to be complied with.  By its terms the
machine was warranted to be well made and of good
material, and to do good work with proper management
when set up and operated as per printed instructions.
It was further provided in the warranty that if the machine should not work well, notice was to be given to the
company selling, and a reasonable time allowed to get
to it and remedy the defects, when, if it could not be
made to do good work, it should be returned free of
charge to the place where received, and payment of the
money and notes would be returned; that failure to immediately give notice as required, or continued possession of the machine, whether kept in use or not, should
be deemed conclusive evidence that the machine filled
the warranty.  The evidence on the trial disclosed, or
tended to show, that at the time the machine was set up
preparatory to beginning work the local agent was present and assisted therein; that after a number of attempts
to regulate it, so as to make it do proper and satisfactory
work, the local agent found himself unable to accomplish
the same, and sent for an expert to properly arrange and
regulate it.  The expert came and made some changes,

and supplied a worn out part of the machine, and stated that some of the defects in the machinery to be remedied required certain heavy repairs, for which he would have to send to the factory, as he did not have them, and, with some further attentions, left the defendant in possession of the machine. The working of the same, however, was not satisfactory. The defendant in the meantime had finished the harvest for that year, some sixty · or seventy acres, and afterwards, when called upon to give his notes in settlement·for the machine, did ·so, as he testifies, upon the agreement that the repairs necessary to make the machine operate satisfactorily were to be procured and the machine put in good repair and satis- factory condition to perform good work in compliance with the terms of the warranty. No further attention seems to have been paid to the machine, or any other re- pairs made or furnished. In the following season of 1894 there was a crop failure where the defendant resided, and the machine seems not to have been used, save to cut some light corn-stalks which had been almost en- tirely destroyed by the drought. Defendant paid the first note about the time of its maturity, December 1, 1893. When the second note matured and payment was re- quested, demand was made that the machine be repaired and put in satisfactory condition to comply with the terms of the warranty as originally agreed upon. An agent was sent to examine the machine, who ordered a list of repairs, which were never furnished. Several at- tempts were made to secure the repairs ordered, which for some reason failed, primarily, it seems, because the agent on whom the order was given claimed not to have the desired articles in stock. After these different at- tempts, and about the beginning of the harvest of 1895, an agent of the plaintiff again came to the defendant, but without any repairs. After some controversy over the matter, the defendant offering to return the machine and the agent refusing to accept it, he departed without repairing or arranging for further repairs. Suit was in-

stituted and pleadings formed, as before mentioned. The court instructed the jury, substantially, that if the harvester failed to comply with the terms of the warranty, the defendant could recover as damages the difference in value between what the machine was actually worth and its fair value had it been as represented and warranted, provided the defendant had substantially complied with the terms of the warranty by him to be performed, or that such compliance had been waived by the plaintiff. The instructions are excepted to, the plaintiff insisting that the defendant having kept the machine for the length of time he did, this amounted to an acceptance thereof, and the defendant having failed to return it as by the special warranty provided, he is estopped from setting up the defense that it failed to comply with the terms of the warranty.

That the machine was not as warranted, and would not with proper management do good work and serve the purpose for which it was constructed, is, we think, fairly established by the evidence. The question, then, is whether the defendant could rely only on the provisions of the warranty for a return of the machine, if unsatisfactory, and a rescission of the contract, or whether he still had his remedy at law to retain the machine and recover in damages for a breach of the warranty. Under the defendant's testimony the machine did unsatisfactory work, of which the plaintiff was notified, as by the terms of the contract it should be. It undertook to regulate and repair the machine for the purpose of making it operate properly. This it failed to do, and the work of the machine during the entire time of the first harvest was improper and unsatisfactory, and of this it had notice. After the harvest, and at a time when defendant's right to return the machine and rescind the contract was unquestioned, he was induced to retain the machine, give his notes therefor, and the plaintiff promised and agreed to repair the machine so as to comply with the warranty and make it do satisfactory work.

Under such an arrangement, it occurs to us, that the defendant, by the retention of the machine, forfeited his right to a return thereof and a rescission of the contract, and the plaintiff waived its right to demand a return and insist on a strict compliance with the terms of the special warranty; but such action would not estop or preclude the defendant from his legal remedy of recoupment for such damages as he may have sustained because of a breach of the terms of the warranty as to the quality, workmanship of the machine and character of the work which it was warranted to perform. By the instructions given to the jury they were told that, notwithstanding the failure of defendant to return the machine, the defendant could recover on his counter-claim, if the plaintiff had waived its right to have a return or had refused a return when offered by the defendant. The question, we think, was properly submitted, and the defendant was not deprived of his remedy of damages for a breach of the contract. *Aultman v. Theirer*, 34 Ia., 272; *McCormick v. Dunville*, 36 Ia., 645; *Mandel v. Buttles*, 21 Minn., 391; *Park v. Richardson*, 81 Wis., 399; *Machine Co. v. Mann*, 42 Kan., 372; *Warder v. Fisher*, 48 Wis., 338.

It is also insisted that the finding of the jury as to the damages sustained equaling the amount due on the notes is not supported by the evidence. The evidence was conflicting, and there was evidence tending to establish the fact that the machine, as it really was, was not worth more than that which had been paid by the defendant on the purchase price thereof. The jury evidently took this view of the matter, and we can not say, under the evidence, the verdict is manifestly wrong and unsupported by sufficient competent evidence.

It is also urged that the court erred in limiting the argument of counsel to fifteen minutes on each side of the case. This is a matter that must be left largely in the discretion of the trial court; and in a case of this kind, where the issues were not complicated, and the

amount involved not large, we can not say that there was an abuse of discretion.

The judgment of the trial court must therefore be

AFFIRMED.