# STANFORD *et al.* v. NATIONAL DRILL & MFG. CO.

No. 714.  Opinion Filed March 21, 1911.

(114 Pac. 734.)

**SALES—Warranties — Well-Drilling Machinery.**  Certain vendees contracted with the manufacturer in writing to buy and pay for a well-drilling outfit, made by the latter and described in its catalogue, at an agreed price. Before this contract was made, the vendees informed the agent of the vendor that they wanted a drilling machine to bore in a certain designated area in New Mexico for artesian water, and the agent of the manufacturer assured them that the outfit would bore to a certain specified depth in such country. But the written contract was silent upon this subject. The vendees relied upon this assurance of the agent, and made the contract. The machinery was without defect as to quality and construction. Held, that there was no implied war-

ranty that the drill and its machinery would bore in the specified area in New Mexico to a certain depth.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; George W. Clark, Judge.*

Action by the National Drill & Manufacturing Company against S. P. Stanford and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*John H. Myers,* for plaintiffs in error.

*Everest, Smith & Campbell,* for defendant in error.

WILLIAMS, J. The defendant in error, as plaintiff, sought to recover of S. P. Stanford and J. F. Stanford, the plaintiffs in error, as defendants, on certain notes and an account for freight; the notes being for the purchase price of well-drilling machinery. The execution of the notes was admitted; the defense being failure of consideration and breach of an implied warranty in the sale of the machinery.

The judgment herein sought to be reviewed, being in a case pending at the time of the erection of the state, is controlled by the decisions of the Supreme Court of the United States. *M., K. & T. Ry. Co. v. W. T. Walker,* 27 Okla. 849, 113 Pac. 907.

In *Davis Calyx Drill Co. v. Mallory et al.,* 69 C. C. A. 662, 137 Fed. 332, 69 L. R. A. 973, Sanborn, Circuit Judge, in speaking for the court, said:

"An implied warranty that an article will be fit for a particular purpose may be inferred from a contract to make or supply it to accomplish that purpose, because the accomplishment of the purpose is the essence of the undertaking. But no such warranty arises out of a contract to make or supply a specific described or definite article, although the manufacturer or dealer knows that the vendee buys it to accomplish a specific purpose, because the essence of this contract is the furnishing of the specific article, and not the accomplishment of the purpose. In other words, a warranty that a machine, tool, or article sold is fit and suitable to accomplish a particular purpose or to do a specific work may be implied when the manufacturer or

dealer knows the purpose or work to be effected, and the purchase of the machine, tool, or article is in reality an employment of the vendor to do the work by making or furnishing a machine, tool, or article to effect it."

The following authorities are cited in support of said statement: *Kellogg Bridge Co. v. Hamilton,* 110 U. S. 108, 116, 3 Sup. Ct. 537, 28 L. Ed. 86; *Breen v. Moran,* 51 Minn. 525, 53 N. W. 755; *Leopold v. Van Kirk,* 27 Wis. 152, 156; *Brenton v. Davis,* 8 Blackf. (Ind.) 318, 44 Am. Dec. 769; *Omaha Coal, etc., Co. v. Fay,* 37 Neb. 68, 75, 55 N. W. 211; *Lee v. Sickles Saddlery Co.,* 38 Mo. App. 201, 205; *Rodgers & Co. v. Niles & Co.,* 11 Ohio St. 48, 78 Am. Dec. 290; *White v. Adams,* 77 Iowa, 295, 297, 42 N. W. 199.

In the same opinion it is further said:

"But no implied warranty that a machine, tool, or article is suitable to accomplish a particular purpose or to do a specific work arises where the vendor orders of the manufacturer, or purchases of the dealer, a specific described or definite machine, tool, or article, although the vendor knows the purpose or work which the purchaser intends to accomplish with it, and assures him that it will effect it. Such an assurance is but the expression of an opinion, when it is followed by a written contract, complete in itself, which is silent upon the subject. The extent of the implied warranty in such case is that the machine, tool, or article shall correspond with the description or exemplar, and that it shall be suitable to perform the ordinary work which the described machine is made to do."

The following authorities are cited in support of said statement: *Seitz v. Brewers' Refrigerating Co.,* 141 U. S. 510, 518, 519, 12 Sup. Ct. 46, 35 L. Ed. 837; *Keates v. Cadogam,* 2 Eng. Law & Eq. 320, 443, 10 C. B. 591; *Morris v. Bradley Fertilizer Co.,* 64 Fed. 55, 12 C. C. A. 34; Leake on Contracts (4th Ed.) 261, 262; 1 Parsons on Contracts, 586, 587; *Union Selling Co. v. Jones,* 128 Fed. 672, 675, 677, 63 C. C. A. 227, 229; *McCray Refrigerator, etc., Co. v. Woods & Zent,* 99 Mich. 269, 58 N. W. 320, 321, 41 Am. St. Rep. 599; *Cosgrove v. Bennett,* 32 Minn. 371, 20 N. W. 359; *Goulds et al. v. Brophy,* 42 Minn. 109, 43 N.

W. 834, 6 L. R. A. 392; *Wisconsin Red Pressed Brick Co. v. Hood et al.,* 54 Minn. 543, 56 N. W. 165; *Fairbanks, Morse & Co. v. Baskett,* 98 Mo. App. 53, 71 S. W. 1113; *Wheaton Roller-Mill Co. v. John T. Noye Mfg. Co.,* 66 Minn. 156, 68 N. W. 854, 855; *Milwaukee Boiler Co v. Duncan,* 87 Wis. 120, 58 N. W. 232, 41 Am. St. Rep. 33; *J. I. Case Plow Works v. Niles & Scott Co.,* 90 Wis. 590, 63 N. W. 1013; *Deming v. Foster,* 42 N. H. 165, 175; *Morse v. Union Stockyard Co.,* 21 Or. 289, 28 Pac. 2, 3, 14 L. R. A. 157; *Dushane v. Benedict,* 120 U. S. 630, 7 Sup. Ct. 696, 30 L. Ed. 810; *Carleton et al. v. Jenks et al.,* 80 Fed. 937, 26 C. C. A. 265; *Checkrower Co. v. Bradley & Co.,* 105 Iowa, 537, 75 N. W. 369; *Blackmore v. Fairbanks, Morse & Co.,* 79 Iowa, 282, 44 N. W. 548; *Parsons Band Cutter, etc., Co. v. Mallinger,* 122 Iowa, 703, 93 N. W. 580.

In the same opinion it is also said:

"If the purchaser, Mallory, or his agent, Haven, had described the strata through which he desired to drive the drill, and had ordered the Calyx Company to make or to select and furnish to him a drill that would bore the desired holes through these strata as rapidly and as economically as a diamond drill, for an agreed price, and the plaintiff had accepted the order, an implied warranty would have arisen that the drill to be furnished under that contract would do the work as speedily and cheaply as a diamond drill. But an accepted order to make and deliver a specific described drill, which the vendor is engaged in making, has no such effect, although the manufacturer knows the use for which the vendee desires to obtain it. The reason for this rule is conclusive and unanswerable. When a manufacturer or dealer agrees to make or furnish an article that will accomplish a particular purpose, the accomplishment of the purpose is the substance of his undertaking, and he is free to make or supply any article that will do the work required. If he furnishes an article that will accomplish this purpose, he performs his contract, although the article he supplies may differ widely from that contemplated by the purchaser when he made the agreement to buy. On the other hand, when the manufacturer or dealer contracts to make or to deliver a specific and definitely described article, to enable the vendor to accomplish a known purpose, the essential part of his

obligation is the delivery of the identical article described in the contract; and the delivery of a different article, although it may better accomplish the desired result, is not a performance of his agreement, and does not entitle him to recover the purchase price. The furnishing of the article described, and that alone, whether that article is fit for the known purpose to which the vendee intends to apply it or not, constitutes a compliance with the contract by the vendor, and entitles him to secure its fruits."

The decisions of the Supreme Court of the United States seem to support this rule announced by the Eighth Circuit Court of Appeals.

The judgment of the lower court is therefore affirmed.

All the Justices concur.