# OBENCHAIN & BOYER v. INCORPORATED TOWN OF ROFF.

### No. 806.   Opinion Filed July 11, 1911.

### (116 Pac. 782.)

1.   TRIAL—Instructions—Irrelevant Issues. It is error to instruct on an irrelevant issue, not raised by the pleadings, when such instruction is calculated to mislead the jury.

2.   SALES—Implied Warranty. An implied warranty that an article will be fit for a particular purpose may be inferred from a contract to make or supply it to accomplish that specific purpose, because the accomplishment of the purpose is the essence of the undertaking. But no such warranty arises out of the contract to make or supply a specific, described, or definite article, although

the manufacturer or dealer knows that the vendee buys it to accomplish a specific purpose, because the essence of this contract is the furnishing of the specific article, and not the accomplishment of the purpose.

3.    SALES—Action for Price—Recoupment—Breach of Warranty. Where upon the sale of a fire engine the vendor warrants that "all material and workmanship is warranted to be of the best, and we agree to replace at our expense any defect in material or workmanship that may develop within two years," the vendee may, upon being sued for the purchase price, retain the engine and set up its damages for breach of warranty by way of recoupment, without giving the vendor notice of defects in material or workmanship, or an opportunity to replace the same.

(Syllabus by the Court.)

*Error from Pontotoc County Court; Joel Terrell, Judge.*

Action by Obenchain & Boyer against the Incorporated Town of Roff. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Bledsoe & Little,* for plaintiff in error.

*Stone & Maxey* and *Bullock & Kerr,* for defendant in error.

KANE, J.  This was an action upon two promissory notes, commenced by the plaintiffs in error, plaintiffs below, against the defendant in error, defendant below, prior to statehood.

The petition alleges, in substance, that the incorporated town of Roff entered into a contract with plaintiffs for the purchase of two chemical fire engines and equipment, under the terms of a certain written contract.  That pursuant to said contract said chemical fire engines and equipment were manufactured and delivered by plaintiffs to the defendant, and the defendant received and accepted the same, and executed the two promissory notes sued on for the purchase price thereof.  The contract for the purchase of the chemical fire engines contained a warranty, following the description of the engines and equipment, which is as follows:

"All material and workmanship is warranted to be of the best, and we agree to replace at our expense any defect in material or workmanship that may develop within two years."

The substance of the answer of the defendant is not set

out in the brief of counsel for either side, but, for the purpose of this opinion, we will assume that it states a good defense upon the theory which counsel for defendant in error in their brief say the cause was tried in the court below, to wit: That the goods were received and accepted, but were subsequently found to be not of the quality warranted, and the defendant, when sued for the purchase price, elected to keep the engines and set up its damages for breach of warranty by way of recoupment. Upon trial to a jury, there was a verdict for the defendant, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

As the defendant elected to retain the engines and recoup for damages for breach of warranty, it was error for the court to instruct the jury to the effect that the vendee had also the right to rescind and define their measure of damages based upon that theory, and to further instruct the jury to the effect that, if the contract sued upon was obtained by false and fraudulent misrepresentations, and the defendant relied upon such representations, and that if said engines were worthless for the purpose for which they were sold, the verdict should be for the defendant. The court should have confined its instruction to the issue presented by the pelading. "It is error to instruct on an irrelevant issue, not raised by the pleadings, when such instruction is calculated to mislead the jury." *Kingfisher Nat. Bank v. Johnson,* 22 Okla. 228, 98 Pac. 343.

In the case at bar there is some evidence tending to establish a breach of the warranty by the vendor, but none that would justify a finding for the defendant in an amount sufficient to offset the entire claim of the plaintiff, except upon the theory that the contract contained a warranty that the engines would accomplish a particular purpose or do the specific work for which they were purchased, which is not the case. *Stanford et al. v. Nat. Drill Mfg. Co.,* 28 Okla. 441, 114 Pac. 734. As in the Stanford case, *supra,* the warranty in the instant case follows a specific and definite description of the engines to be furnished, and, as the case was also pending on the admission of the state, the Stan-

ford case and the federal case from the Eighth Circuit therein cited (*Davis Calyx Drill Co. v. Mallory et al.,* 137 Fed. 332, 69 C. C. A. 662, 69 L. R. A. 973) are controlling. Mr. Justice Williams, who delivered the opinion for the court in the Stanford case, quoted from the Mallory case as follows:

"But no implied warranty that a machine, tool, or article is suitable to accomplish a particular purpose or to do a specific work arises where the vendor orders of the manufacturer, or purchases of the dealer, a specific, described, or definite machine, tool, or article, although the vendor knows the purpose or work which the purchaser intends to accomplish with it, and assures him that it will effect it. Such an assurance is but the expression of an opinion, when it is followed by a written contract, complete in itself, which is silent on the subject. The extent of the implied warranty in such case is that the machine, tool, or article shall correspond with the description or exemplar, and that it shall be suitable to perform the ordinary work which the described machine is made to do."

The only warranty contained in the contract of purchase is the one heretofore set out. Counsel for plaintiffs in error contend that there can be no breach of this warranty until notice of the alleged defects in material or workmanship is served upon the vendor and an opportunity given to replace the same. To support this contention, they cite a great number of cases, none of which we think are exactly in point. Counsel's authorities are to the effect that it is competent for the parties to provide by contract that a particular course shall be pursued on the failure of the warranty. This doctrine is well settled, but we do not understand the contract involved herein to provide that the vendee shall give the vendor notice of defects in material or workmanship, and an opportunity to replace the same. As we construe the contract, the latter part of the warranty is merely cumulative. Notice is not made a condition precedent, and, following the rule that such a provision should be construed most strongly against the seller, it cannot be said that notice of, and an opportunity to replace, defects were necessary to entitle the vendee to recoup for breach of warranty when sued for the purchase price, when the parties did not provide therefor in their contract.

The warranty involved in *Kemp et al. v. Freeman*, 42 Ill. App. 500, was as follows: ·

"We warrant the animal to be sound and healthy and in every respect an average breeder, and in case he fails to be an average breeder we agree to take him back and replace him with another horse of equal value and merits."

The breach alleged was that the horse failed to be an average breeder. Appellants contended that the contract of warranty compelled the appellee in the case of breach to return the horse, and accept in its stead another that possssed the quality required by the warranty. The court held that the contract "no doubt might have been so framed as to deprive the appellee of his legal right to an action for damages in case of a breach, and to require him in lieu thereof to return the horse and accept another' that would satisfy the warranty. The contract under consideration does not, however, even purport to do so, but, on the contrary, by it the sellers warrant the horse to be an average breeder, and in addition to such warranty upon which the buyer may recover damages, if there be a breach, the sellers agree that they will accept a return of the horse, and replace him with another of merit and value equal to the warranty. Clearly the buyer has the option of an action on the breach for damages, or· to return the horse and receive another in his stead."

In *McCormick & Bro. v. Dunville*, 36 Iowa, 645, it was held that:

"Where, on the sale of a machine, the seller warrants that it will operate in a certain manner, and agrees that if it does not he will take it back and return the money, there being no express undertaking that the vendee shall in such case return the machine, the latter may, on breach of the warranty, retain the machine and recover damages sustained by the breach."

In *Fitzpatrick v. D. M. Osborne*, 50 Minn. 261, 52 N. W. 861, it was held that:

"Although the plaintiff had the privilege of returning the machine in case the defendant failed to make good their warranty, this remedy was not exclusive. He might retain the property, and have his action for the breach."

In *Perrine v. Serrell,* 30 N. J. Law, 454, it was held that:

"Under a warranty that a horse is sound and kind, and that if he should not suit the seller would take him back, and send the purchaser another, held, that the warranty as to the unsoundness was independent, and that the right to provide another horse under the contract did not extend to unsoundness; that the horse being unsound, and having died, the purchaser could recover damages, and was not obliged to call upon the seller to furnish another horse."

We think the case at bar falls within the doctrine laid down in the foregoing cases. By the terms of the warranty, it was optional with the vendee whether it would stand upon the warranty and recoup for damages, or permit the vendor to replace any defect of material or workmanship. The clause does not require the vendee to give notice of the defects, nor does it require it to allow defects to be remedied by the vendor, as conditions precedent to exercising such right.

Counsel for plaintiffs in error further contend that the cause ought to be reversed and rendered. We think it ought to be remanded for a new trial. There was evidence tending to show that all material and workmanship was not of the best, and, as a consequence, some damage must have occurred. In view of that, the case must be retried, after the actual issues involved and the rule as to the measure of damages applicable to the issues are better understood. The cause is therefore reversed and remanded, with directions to grant a new trial.

TURNER, C. J., and HAYES and WILLIAMS, JJ., concur; DUNN, J., absent and not participating.