## WHITE v. OLIVER.

No. 1121.    Opinion Filed January 9, 1912.

Rehearing Denied March 12, 1912.

(122 Pac. 156.)

1.  JURY—Impaneling—Special Jury.   Chapter 48, art. 3, sec. 6, of the Sess. Laws 1907-08, p. 473, which provides for impaneling a special jury in the county court of twelve qualified jurors, and then having six of them stricken by the parties, leaving six remaining in the box, only applies to impaneling a special jury "after the regular panel has been discharged."

2.  SAME—Challenges—Time for Making.   While the jurors of the regular panel of the county court are available, it is not necessary to qualify more than six jurors before the challenges are exercised.

3.  JUSTICES OF THE PEACE—Procedure—Variance.   Where, in a justice court, the plaintiff sues for money paid out at the special instance and request and on behalf of the defendant, and the evidence tends to prove a loan by plaintiff to the defendant, this is not such a variance as will prevent a recovery, as the pleadings, under the justice practice, are construed very liberally, and the same exactness is not required as in pleadings in the district court.

4.  SALES—Performance of Contract—Waiver.   When cattle of a certain kind are sold, the purchaser has paid a part of the purchase price, the seller tenders to the purchaser some cattle of the kind contracted for and others of an inferior kind, and refuses to deliver those of the kind contracted for, unless those of the inferior kind are likewise accepted, and the purchaser receives them all under protest, he does not thereby abandon his right of action for damages on account of the inferior grade of the cattle received by him.

5.  TRIAL—Instructions—Applicability to Evidence.   It is error to give an instruction, presenting to the jury a theory of the case, when there is no evidence to support the theory.

(Syllabus by Ames, C. )

*Error from Custer County Court;*
*A. H. Latimer, Judge.*

Action by W. D. Oliver against Arthur White.  Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*M. L. Holcombe,* for plaintiff in error.

*R. J. Shive,* for defendant in error.

Opinion by AMES, C.   W. D. Oliver, defendant in error, hereinafter referred to as plaintiff, brought suit in a justice court in Custer county against Arthur White, plaintiff in error, hereinafter referred to as defendant, for money had and received.  The defendant filed a counterclaim, and, when the case was tried in the justice court, recovered judgment against the plaintiff.  On appeal to the county court, the plaintiff recovered judgment against the defendant.

The plaintiff in his bill of particulars alleged that, at the instance and request and on behalf of the defendant, he had paid freight on two cars of cattle shipped by the defendant from Perico, Tex., to Clinton, Okla.  By way of set-off, the defendant pleaded that he had bought from plaintiff certain black Angus yearling steers, for delivery at Perico; that when he went to receive the steers the plaintiff's agent tendered him 200 head of black Angus cattle and 51 head of cattle of an inferior kind, and refused to allow him to take the black Angus, unless he would take all the others also; that he had made certain advance payments on the cattle; and that, ·in order to protect himself, he accepted the 251 head tendered him, but did so under protest.

The evidence showed that there were 51 head of cattle tendered by the plaintiff to the defendant which were not black Angus; that the delivery of the Angus cattle was refused, except on condition that the defendant would take the others; and that, under these circumstances, the defendant did receive them all under protest.  The evidence also tended to show that the cattle tendered were in fact the cattle which the defendant had inspected and purchased.

A jury in the county court was selected from the regular panel.  Six jurors were impaneled and tendered to the parties for examination and challenge.  The defendant claims that twelve qualified jurors should have been selected, and that each of the

parties should then have been allowed to strike three, and he cites in support of this proposition section 6, art. 3, c. 48, Sess. Laws 1907-1908, p. 473; but this section, by its very terms, only applies to the impaneling of a jury "after the regular panel has been discharged."

While the regular panel is present, the practice prevailing in the district courts applies, under section 7 of the same act (Sess. Laws 1907-1908, p. 474), and it is only necessary to qualify six jurors in the county court.

Objection is made that the bill of particulars is framed upon the theory of a recovery for money expended by the plaintiff at the special instance and request and for the benefit of the defendant, while the recovery was for a loan. It is also claimed that the bill of particulars does not sufficiently state a cause of action upon the theory upon which it was framed. In response to these assignments, it is sufficient to say that this case originated in the justice court, where there are no special forms required to be followed in pleading. *Holden v. Lynn,* 30 Okla. 663, 120 Pac. 246.

The next error assigned is in the giving of instructions; and we think, under the evidence produced, that the court erred in submitting to the jury the theory that the defendant waived his right to the kind of cattle contracted for by accepting the others, as the uncontradicted evidence establishes that the defendant, while receiving other cattle, did so under protest. One of the instructions presenting this theory, and of which complaint is made, is as follows:

"The defendant in this action relies upon a written contract, made and executed by plaintiff and one D. C. Lindley, which said contract was assigned or transferred to defendant; while plaintiff claims that said written contract was altered by a subsequent, executed oral agreement, in which said Lindley and defendant agreed to accept some cattle which were of a different color from these called for in the written contract. You are instructed that a written contract may be altered by a contract in writing, or by an executed oral agreement; and if you believe from the evidence that defendant inspected the cattle delivered to him, and discovered that part of them were not the kind called

for in the contract, but he agreed to accept said cattle, and actually did accept them, and removed them from the ranch where they were located, then he is estopped from claiming that said cattle were not the kind which were called for in said written contract."

The defendant testified as follows:

"Q. Why did you accept the 51 head of grades and off-colored cattle which you described, in lieu of the black Angus cattle? A. Because they refused to let me have any of the cattle I bought, unless I took all. Q. Is that the only reason? A. Well, I had paid a certain amount of money. Q. You had made part payment then? A. Yes, sir. Q. State how much. A. $850, and, as I had already paid $850, it seemed to me that was the only way to get the money back, to accept those cattle, which I did under protest."

Counsel for plaintiff, in his brief, says of the defendant:

"He saw them again before he loaded them into the cars, and, while he kicked some on taking them, the ranchmen told him: 'Your contract calls for the Lindley cattle. These are the identical cattle that Oliver sold to Lindley. You can take them or leave them, just as you please. But, if you take part of them, you must take them all.'"

It being uncontradicted evidence that, when the defendant received the cattle, he did so under protest, and that the plaintiff refused to deliver him any cattle, unless he received them all, it is apparent that by receiving the cattle under these circumstances he did not accept the 51 head of grades as a substitute for, or in lieu of, the 51 head of black Angus; and it was error for the court to present this theory of the case to the jury. There is no evidence in the case that the defendant agreed to accept these cattle in the sense in which the word "accept" is used in this instruction. It is, of course, true that the defendant received the cattle; but he did so under protest, as the counsel for the plaintiff has admitted in his brief, and receiving them under protest was not an acceptance of them, or an agreement to receive them, under the contract. If it be true that they were received under protest, and under the circumstances of this case, this would not be a waiver of the defendant's right to claim damages. *Osborne v. Walther,* 12 Okla. 20, 69

Pac. 953; *J. Rosenbaum Grain Co. v. Pond Creek Mill & Elevator Co.*, 22 Okla. 555, 98 Pac. 331; *Obenchain v. Incorporated Town of Roff*, 29 Okla. 211, 116 Pac. 782.

The plaintiff claims that the cattle delivered were the cattle contracted for, and there was evidence tending to support this claim. If this be true, of course, the defendant cannot maintain his set-off; but that is a separate and distinct question, to be submitted to the jury under proper instructions.

The plaintiff's objection that, at all events, the cross-petition did not state a proper counterclaim overlooks the distinction between a counterclaim and a set-off, and the matters therein alleged were proper for the consideration of the court and jury.

For the error referred to, we think the case should be reversed and remanded.

By the Court: It is so ordered.