THIRD DISTRICT—OCTOBER, 1914.     465

Maywood Stock Farm Importing Co. v. Huffman, 190 Ill. App. 465.

---

## Maywood Stock Farm Importing Company, Appellant, v. Edward Huffman, Appellee.

SALES, § 390*—*when averment of performance of conditions necessary where defendant alleges breach of warranty.* Where an action is brought on promissory notes and defendant pleads the general issue and special pleas, averring a total and partial failure of consideration, in that there was a breach of warranties by plaintiff, and plaintiff files a replication setting forth the warranties and averring that defendant failed to perform the conditions therein contained, to which defendant filed a rejoinder, a demurrer should be sustained to the rejoinder where it fails to aver a performance

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of the conditions imposed on defendant under the terms of the warranties.

Appeal from the Circuit Court of Christian county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded with directions. Opinion filed October 16, 1914.

McQUIGG & DOWELL, for appellant.

GEORGE T. WALLACE, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Appellant brought suit in assumpsit against appellee to recover on two promissory notes, one for six hundred dollars and one for three hundred dollars. To the declaration appellee filed the plea of general issue and three special pleas, averring, in substance, a total and partial failure of consideration, in that the consideration of said notes was the purchase price of two stallions and that appellant, as a part of the contract, guarantied that they should be satisfactory sure breeders, in which respect the guaranties failed.

To these special pleas appellant filed a replication to the effect that said guaranties were written guaranties, and the first is as follows:

"GUARANTEE.

"We have this day sold the imported Shire stallion March Blue Jacket No........to Edward C. Huffman of Pana, Ill. and we guarantee the said stallion to be a satisfactory sure breeder, provided the said stallion keeps in as sound and healthy condition as he now is, and has proper care and exercise.

"If the said stallion should fail to be a satisfactory sure breeder with the above treatment we agree to take the said stallion back, and the said Edward C. Huffman agrees to accept another imported Shire stallion of equal value in his place, the said stallion March Blue Jacket No........to be returned to us at Indian-

apolis, Indiana, in as sound and healthy condition as he now is by May 15th, 1912.

(Signed) MAYWOOD STOCK FARM IMPTG. CO.,

By W. B. MOUNT, Treas.

Accepted, EDWARD C. HUFFMAN.

"Dated at Springfield, Ill., this 7th day of October, 1910.

"Hoof No. 35."

The second is substantially the same:

"For and in consideration of the sum to be paid as aforesaid, the party of the first part guarantees the said stallion to be a sure breeder, provided the said stallion is kept in as sound and healthy condition as he now is, and has proper care and exercise. If the said stallion should fail to be a satisfactory breeder with the above treatment, the party of the first part agrees to take back said stallion, and the party of the second part agrees to accept another imported Percheron stallion of equal value, in his place. The said stallion to be selected by the party of the second part, and delivered to him at the Maywood Stock Farm Importing Company, near Indianapolis, Indiana. The said stallion Illiers No. 78625 to be delivered to the party of the first part at the Maywood Stock Farm Importing Company, near Indianapolis, Indiana, free of any and all charges to the party of the first part, in as sound and healthy condition as he now is, between January 1, 1913, and April 1, 1913."

The replication further avers that appellee did not elect to return either of said stallions or to accept, in lieu of either of both of said stallions, other stallions of equal value within the time or at the places in said guaranties fixed and provided, by reason whereof said guaranties have long since expired and terminated.

To this replication appellee filed a rejoinder, averring that he advised appellant that said stallions were not satisfactory sure breeders, and that notwithstanding such advice and notice appellant did not take said stallions back, or offer to do so.

Appellant demurred to this rejoinder. The demurrer was overruled and appellant electing to stand by

its demurrer, judgment was entered against it on said rejoinder.

The contracts referred to as guaranties are in fact warranties, and while formerly these words meant the same thing and are now sometimes used indiscriminately, yet to contracts as to title, quantity or quality of a thing sold, modern usage applies the term "warranty."

It is the contention of appellant that the rejoinder is bad because it does not aver that appellee returned or offered to return the stallions, while appellee insists that the warranty was for his benefit and that the contract did not require him to return the stallions in case of the breach of the warranty, but simply gave him an option so to do, and cites *Kemp v. Freeman,* 42 Ill. App. 500, as sustaining this view. The contracts in the case at bar are clearly distinguishable from that in the *Kemp* case. The first contract under consideration provided that if the stallion should fail to be a satisfactory sure breeder, "the party of the second part *agrees* to accept another imported Shire stallion of equal value in his place, the said stallion March Blue Jacket No.........to be returned to us at Indianapolis, Indiana, in as sound and healthy condition as he now is by May 15th, 1912." This contract was signed "Accepted, Edward C. Huffman."

The fact that appellant agreed to take back the stallion in such case does not destroy the obligation on the part of appellee to return it. His agreement to return it if it should not fulfil the warranty is just as binding as appellant's agreement to take it back and deliver another one in lieu thereof.

What we have said applies equally to the second contract of warranty. The rejoinder is bad in that it does not aver a performance of the conditions imposed upon appellee under the terms of the warranties.

The judgment is reversed and cause remanded with directions to sustain the demurrer to the rejoinder.

*Reversed and remanded with directions.*