## MARKLE v. STEKOLL.

No. 15354—Opinion Filed June 30, 1925.

Rehearing Denied Oct. 20, 1925.

### 1. Sales—Implied Warranty in Sale by Description.

When an article is purchased by description, there is an implied warranty on the part of the seller of two things: (1) That the article furnished corresponds with the description; and (2) the article is suitable to perform the ordinary work which it is made to do.

### 2. Same—Sale of Casing for Oil Well.

Where M. purchased 2,000 feet of casing of a certain description from S., and S. undertakes to furnish the same, in the absence of a stipulation in the order or contract to the contrary, there is an implied warranty on the part of S., that the different joints of casing furnished shall properly fit together.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by John Markle against Harry Stekoll. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Mason & Honnold and L. G. Williams, for plaintiff in error.

Samuel A. Boorstin and J. D. Johnston, for defendant in error.

Opinion by JARMAN, C. John Markle, doing business under the firm name and style of John Markle Oil Syndicate, entered into an agreement with Harry Stekoll, doing business under the firm name and style of Tulsa Pipe & Supply Company of Tulsa, Okla., for the purchase of 2,000 feet of casing, which agreement was evidenced by a telegram sent by the City National Bank of Okmulgee, Okla., on behalf of the plaintiff, to Ben Brown, the agent and broker of the defendant, Harry Stekoll, which was accepted and acted upon by the defendant by shipping the casing in question—the body of the telegram being as follows:

"'We will honor draft on John Markle Oil Syndicate $5,500 for 2,000 feet of new eight and one-quarter twenty-eight pound casing f. o. b. Tulsa on arrival car Okmulgee.'"

The casing was received by the plaintiff and the draft of the defendant was honored and paid by the plaintiff; the casing was hauled to a well, which the plaintiff was drilling in the Okmulgee filed, and was used in said well; the casing did not fit on account of the different brands and makes of the joints and the difference of the taper of the threading on the different joints, but this condition was not known by the plaintiff until the casing was run into the well; on account of the improper fitting of the joints, the water seeped into the well and it became necessary to pull the casing, and, in so doing, the points were pulled apart, and the plaintiff expended certain sums of money in his attempt to use said casing, but was unable to do so.

This action was brought by the plaintiff to recover the amount of the purchase price of said casing and damages sustained, resulting in a judgment for the defendant.

It is the contention of the plaintiff that, where an article is purchased by description, such as is involved here, there is an implied warranty on the part of the seller of two things: (1) To furnish an article which corresponds with the description; (2) the article must be suitable to perform the ordinary work which it is made to do. Kellogg Bridge Co. v. Hamilton, 110 U. S. 108, 28 L. Ed. 886; Stanford v. Nat. Drill Mfg. Co., 28 Okla. 441, 114 Pac. 734; Obenchain & Boyer v. Incorporated Town of Roff, 29 Okla. 211, 116 Pac. 782.

It is conceded that the casing corresponds with the description of the article purchased, but the plaintiff insists that there was a breach of the implied warranty as to the second proposition, in that said casing was not suitable to perform the ordinary work which it was made to do.

The defendant contends that the contract between the parties cannot be altered by the court by adding thereto and reading into the contract any other agreement; that the contract was literally complied with by the delivery to the plaintiff of the casing according to description, and that there is nothing in the contract providing that all of said casing shall be of the same brand or make, or that said casing shall fit together.

The rule is well settled in this jurisdiction as contended for by the plaintiff, that the seller of an article by description warrants by implication, if the same is not expressly set forth in the contract, that the article shall not only correspond with the description, but shall be suitable to do the work which it was made to do. Clearly, this casing, by reason of the different brands and makes and by reason of its not fitting, did not meet this requirement. When the plaintiff ordered 2,000 feet of casing, it was equivalent to ordering a string of casing 2,-000 feet in length. On account of the nature of the article it is impracticable to manufacture one joint of casing sufficiently long to use in an oil well and it becomes necessary to divide the same into units or joints, and when the 2,000 feet of casing were ordered, it being impossible to fill the order by shipping one joint 2,000 feet long, the only way the order could be filled was by the shipping of a number of joints, which, when fitted together, would make one solid, completed pipe, 2,000 feet in length. This proposition is analogous to ordering a bamboo fishing rod, ten feet long, and certainly no one would contend that the order had been filled by furnishing three joints which did not fit so as to make one complete rod. The defendant understood it was his duty to furnish casing that would properly fit together, as shown by the following testimony given by him on cross-examination:

"Q. Didn't you consider it your duty when you filled this order to furnish casing which would fit together in a string? Properly fit together in a string? A. Yes, sir."

There was a breach of an implied warranty on the part of the defendant by his failure to furnish to the plaintiff casing that would fit together and thereby perform the work which it was made to do.

The defendant further contends that the plaintiff is estopped to claim that the casing did not fit and that there was a breach of implied warranty on the part of the defendant for the reason that the casing was shipped to the plaintiff and he was given an opportunity to inspect the same, which he did, before paying therefor, and, after inspecting the casing, the plaintiff accepted the same without any objection. The record shows that it is not customary to inspect new casing for the purpose of ascertaining whether the same will fit together, and that the only way to determine the question was to measure the threads or actually attempt to fit together the different joints; and, besides, the plaintiff had a right to presume that the different joints were of the same make and brand and that the same would properly fit, as hereinabove indicated.

The judgment of the trial court is reversed and the cause remanded for a new trial.

By the Court: It is so ordered.