### VORIS v. GAGE *et al.*

No. 4304.  Opinion Filed May 11, 1915.

Rehearing Denied June 8, 1915.

(149 Pac. 150.)

1.    S.ALES—Breach of Warranty—Remedies of Buyer. For a breach of warranty contained in the written guaranty set out in the opinion the vendee had the option either to stand upon the warranty and recoup his damages in an action against him on the promissory note or to accept from the vendor another stallion that would satisfy the warranty.

2.    CONTRACTS—Validity—Restraint of Legal Remedies. Under section 977, Rev. Laws 1910, a stipulation in a contract that restricts the right of the parties to pursue the usual legal remedies in the ordinary tribunals for a breach thereof is void.

(Syllabus by Galbraith, C.)

*Error from Superior Court, Garfield County;*

*Dan Huett, Judge.*

Action by E. C. Voris against Mark M. Gage and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*Karl Z. Wilking, E. F. Smith, Robert F. Williams* and *Clarence F. Merrell,* for plaintiff in error.

*Garber & Kruse,* for defendants in error.

GALBRAITH, C. This was an action on a nonnegotiable note for $286, interest and attorney's fees, given by Mark M. Gage and Addie Gage to Lew W. Cochran, as the balance of the purchase price of a certain stallion. The note having been indorsed by Cochran, the plaintiff alleged he was the owner and holder thereof for value, and that no part of it had been paid, and judgment was prayed for the principal, interest, and attorney's fees. The answer of defendants admitted the execution of the note, but set forth that it was given as a part of the purchase price of a stallion, and that the stallion had been warranted, and that there was a breach of the warranty, and therefore a failure of consideration for the note, and prayed for the cancellation of the note and for costs. There was a trial to the court and a jury, and a verdict returned for the defendants. Judgment was rendered on the verdict against the plaintiff for costs. The plaintiff appealed to this court.

Numerous errors are assigned, but there is really but one question presented by these; that is, whether or not the parties stipulated in the contract of sale the exclusive remedy for its breach and were barred by the terms of the contract from maintaining a claim for damages for breach of the warranty therein. A determination of this question will dispose of this cause. The guaranty given the purchaser upon the sale of the stallion, and which is conceded to have been breached, is as follows:

"This certifies that I, L. W. Cochran, of Crawfordsville, Indiana, have sold Percheron stallion, Gladstone No. 42630, to Mark M. Gage, of Garber, Oklahoma, on December, 1908, for $1,500. And I also guarantee the above named stallion to get 60 per cent.

of all healthy and regular breeding mares in foal, providing said stallion is properly cared for and exercised and in a healthy condition, and said mares are returned regularly to be tried and bred: Provided that, if said stallion does not fill the above guaranty after a fair trial, said Cochran agrees to furnish said purchaser another stallion of equal value, and said purchaser agrees to accept said stallion in satisfaction of this contract: Provided, however, that the stallion returned has been well cared for, and has not been sold, and is returned to said Cochran at Crawfordsville, Ind., March 1, 1910, and not later, sound and in as good condition as when sold. In case of the death of the stallion said Cochran is not to be responsible for failure of said stallion to fill this guaranty.

"It is further agreed that no representations, guaranties, or contracts shall in any way be binding upon said Cochran, except as set forth in this instrument of writing and signed by said Cochran, and he assumes no risk on account of accident to or disease of said stallion after this date. If the above horse should go lame in his hind legs so it hurts the service of him, we agree to exchange him at any time with another equal as good two years.

"Lew W. Cochran,
"By R. F. Dygert, Agt.
"Mark M. Gage."

The testimony established that there was a breach of this warranty, in this, that the stallion was not such a foal-getter as warranted in the guaranty, and also that there was a further breach, in this, that the stallion went lame, and practically became worthless on account of defects in his "hind legs." When the vendee discovered that the horse was not up to the warranty as a foal-getter, and was becoming lame in his feet, so as to impair his usefulness for the purpose for which he was purchased, he notified the vendor of the fact, and asked for instructions as to what to do with the horse. It is contended that the vendor made no reply to these notices. The vendee retained the horse, and when suit was brought upon the note defended upon the ground of failure of consideration as hereinbefore set forth.

The cause was tried in the court below upon the theory that the vendee had a right to retain the horse and to set up his dam-

ages resulting as a breach of the warranty as a defense to this note. It is contended by the plaintiff in error that this was error; that the written guaranty stipulated that, if there was a breach in the warranty, the stallion should be returned and another one accepted in his stead, and, since the stallion was not returned as stipulated in the contract, the vendee cannot urge the claim for damages as a defense to this action on the note.

In the case of *Bracken et al. v. Fidelity Trust Co.*, 42 Okla. 118, 141 Pac. 6, a warranty not identical in terms, but similar in many respects, to that involved in the instant case, was under consideration. The same contention was made in regard to the effect of the warranty as that made by the plaintiff in error above set out. In that case, however, the stallion had been returned to the vendor. When suit was brought upon the note the vendee defended on the ground of failure of consideration, and in sustaining this defense, and in answer to the contention made against it, the court held:

"By the terms of this warranty, the purchasers did not obligate themselves to accept another horse in case of breach of such warranty, but, upon a breach of the same, they had the option to either accept another or retain the horse and sue for damages sustained by the breach, or to return him and rescind the contract."

Also in *Obenchain & Boyer v. Incorporated Town of Roff*, 29 Okla. 211, at page 215, 116 Pac. 782, at page 783, the court, after quoting an excerpt from *Kemp v. Freeman*, 42 Ill. App. 500, cited in plaintiff in error's brief, say:

"The breach alleged was that the horse failed to be an average breeder. Appellants contended that the contract of warranty compelled the appellee in the case of breach to return the horse, and accept in its stead another that possessed the quality required by the warranty. The court held that the contract 'no doubt might have been so framed as to deprive the appellee of his legal right to an action for damages in case of a breach, and to require him in lieu thereof to return the horse and accept another that would satisfy the warranty. The contract under consideration does not, however,

even purport to do so, but, on the contrary, by it the sellers warrant the horse to be an average breeder, and in addition to such warranty upon which the buyer may recover damages, if there be a breach, the sellers agree that they will accept a return of the horse, and replace him with another of merit and value equal to the warranty. Clearly the buyer has the option of an action on the breach for damages, or to return the horse and receive another in his stead."

Although these decisions are not based upon the statute, section 977, Rev. Laws 1910, would support and sustain the conclusions reached in each. This statute reads as follows:

"Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void."

It is not clear from the language used in the warranty under consideration that the parties intended thereby to restrict the right to pursue the ordinary legal remedies for redress growing out of a breach of the warranty. But the plaintiff in error contends that such was the intention of the parties, and that a proper interpretation of the warranty will show such intent. If such were the intention of the parties to the contract, and if such an interpretation might be given the words used therein, under this statute such a limitation would fail, and could not be enforced in the courts of this state for the obvious reason that it is declared to be void.

We conclude from these authorities that, under the terms of the written guaranty, in case of a breach thereof, it was optional with the vendee whether he would stand upon the warranty and recoup his damages or permit the vendor to replace the stallion with another that would satisfy the warranty. It was not, therefore, error for the trial court to permit this defense to be maintained.

The other errors assigned are not of such a character as require specific consideration, although we are inclined to think that the

criticisms urged against two of the instructions are well taken. However, it is clear that the jury were not misled by these instructions, since the verdict is evidently right, and these errors in the instructions, if any, would not justify a reversal of the judgment.

We therefore recommend that the exceptions be overruled, and the judgment appealed from be affirmed.

By the Court:   It is so ordered.