# UPDEGROVE v. GOULD BALANCE VALVE CO.

No. 5842.   Opinion Filed February 15, 1916.

Rehearing Denied April 18, 1916.

(165 Pac. 684.)

1.   **SALES—Warranty—Remedies for Breach.**   Where a contract of sale is coupled with an express warranty which stipulates the course to be pursued by the purchaser in the event the warranty fails, such stipulation must be followed by the purchaser in order to enforce the warranty.

2.   **SAME—Evidence.**   Evidence examined and **held,** to show no facts constituting a defense to the action of plaintiff.

(Syllabus by Rummons, C.)

*Error from County Court, Alfalfa County;*
*F. M. Gustin, Judge.*

Action by the Gould Balance Valve Company against William B. Updegrove.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*Geo. W. Partridge,* for plaintiff in error.

*A. C. Beeman,* for defendant in error.

Opinion by RUMMONS, C.   This action was commenced by the defendant in error, hereinafter styled the "plaintiff," against the plaintiff in error, hereinafter styled the "defendant," to recover upon two promissory notes each for the sum of $45 and accrued interest.   At the conclusion of the trial in the county court, upon appeal from a justice of the peace court, the court upon motion of the plaintiff directed the jury to return a verdict for plaintiff for the full amount claimed.   To this ruling defendant excepted and filed his motion for new trial, which being overruled, he brings this proceeding in error to re-

verse the judgment of the court below. The defendant answered the bill of particulars admitting the execution of the notes, and alleging by the way of counterclaim and set-off that said notes were given in consideration of the purchase by defendant from plaintiff of two valves for a threshing machine owned by the defendant, under a guaranty that said valves would increase the power of defendant's engine from one-fourth to one-third, and his engine would take from one-fourth to one-third less fuel and water than with the valves then in use by defendant; that defendant and the agent of plaintiff put the set of valves upon defendant's engine, but that they did not give satisfaction and did not work, and failed entirely to do and perform anything that said company's agent represented and guaranteed that they would do; that defendant was put to great inconvenience, loss of time and money, by reason of the failure of the guaranty of plaintiff; that defendant lost time and labor nearly the whole threshing season of 1910, to his damage in the sum of $1,000, all of which is remitted except the sum of $200 for the purposes of this suit; that the plaintiff and its employee refused to make good the guaranty, or to make said engine work with said valves as guaranteed; that defendant removed plaintiff's said valves from said engine, and notified plaintiff that said valves did not work, and returned same to plaintiff, and the same are now and have been ever since in the possession of plaintiff; and prayed judgment against the plaintiff for the sum of $200. Plaintiff replied to this answer and counterclaim, denying generally the allegations therein contained, and alleging that the valves in controversy were sold under a written contract, which,

so far as it is material to the issues of this case, is as follows:

"The Gould balance valve is guaranteed, when properly seated and fitted in a traction engine, to develop from 18 to 30 per cent. additional power; to save wear on valve gear and valve seat, and to save four-fifths of the power to drive the engine previously required by the common slide valve.

"If within sixty days from date of delivery, it shall be proved not capable of complying with the above warranty, written notice shall be given to the Gould Balance Valve Company at their home office in Kellogg, Iowa, stating wherein it fails, giving complete information by describing fully the results obtained and permitting the manufacturer to replace the valve, or furnish written or personal assistance, the purchaser rendering the necessary help required, following all instructions given by the manufacturer; when if it cannot be made to comply with the above warranty the valve and seat, together with all necessary parts, shall be returned to the factory at the manufacturer's expense and another valve and parts substituted that shall fill the warranty. If then the valve fails to fill the warranty it may be returned to the factory and the notes or money refunded, and no further claim made on the company. Failure to give notice within the required time shall be conclusive evidence of fulfillment of the above warranty. Purchaser agrees to comply with the printed and written instructions given him by the manufacturer."

It appears from the record: That the defendant bought the valves in question from an agent of the plaintiff, who was a neighbor of the defendant, and signed the contract set out in the reply of plaintiff, the material parts of which are above quoted; that when the valves arrived, they were placed on defendant's engine by the

agent of plaintiff, and defendant tried for several days to operate the engine with said valves, but the engine would not work successfully; that a son of the agent spent half a day trying to make the valves work successfully, and apparently succeeded, but that they immediately ceased to work properly; that the engine while using said valves took 10 tanks of water in three-fourths of a day, and from 2,300 to 2,400 pounds of coal; that, after a few days' unsuccessful effort to make the valves work, one Reed took them out, and the old valves of defendant were replaced; that after the valves had been taken out of the engine defendant notified the plaintiff in writing, as provided in the contract, that the valves were not working satisfactorily and did not comply with the warranty, but was unable to notify them specifically wherein they failed; that immediately thereafter, in the ordinary course of mail, the plaintiff replied to the letter of defendant, making suggestions as to the reason that the valves failed to work, and sending him printed instructions as to operating them; but that defendant, having taken the valves out at that time, never put them back or made any further effort to try to get them to work; that defendant wrote two other letters to plaintiff, the contents of which do not appear in the record, complaining of the failure of the valves to work as guaranteed; that some time thereafter, at a time not made clear by the record, defendant boxed up the valves and returned them to the home office of plaintiff. It further appears that the contract for the purchase of the valves was executed in May, 1910, and some time in February, 1911, the plaintiff sent a machinist to the home of defendant, who offered to put a new set of plaintiff's valves upon defendant's engine, and make them

work satisfactorily in accordance with the guaranty, but the defendant refused to permit him to put in the valves, or to have anything to do with the engine. Defendant testifies that this machinist when he came to his house had no valves or tools with him.

Defendant's sole assignment of error argued in the brief complains of the action of the court in directing a verdict for the plaintiff. If the record contains any evidence whatever which would support the defense pleaded by the answer of defendant, the case should have been submitted to the jury for their determination upon the weight and effect of such evidence. Defendant contends that there was an issue as to the existence of certain facts and evidence, affirming and denying such existence, which it was the province of the jury to determine. But defendant overlooked the fact that it was the province of the court to construe and interpret the written contract signed by defendant, and to determine whether there was any evidence offered by defendant of any breach of the contract on the part of plaintiff of which defendant could complain.

"Where parties to a contract of sale have stipulated what course shall be pursued by the purchaser, in the event the warranty fails, such provision must be followed by him in seeking to enforce the guaranty." (*Scott v. Vulcan Iron Works Co.*, 31 Okla. 334, 122 Pac. 186.)

In the case at bar the contract between plaintiff and defendant provided:

"If within sixty days from date of delivery, it shall be proved not capable of complying with the above warranty, written notice shall be given to the Gould Balance Valve Company at their home office in Kellogg, Iowa, stating wherein it fails, giving complete information by de-

scribing fully the results obtained and permitting the manufacturer to replace the valve, or furnish written or personal assistance, the purchaser rendering the necessary help required, following all instructions given by the manufacturers; when if it cannot be made to comply with the above warranty the valve and seat, together with all necessary parts, shall be returned to the factory at the manufacturer's expense and another valve and parts substituted that shall fill the warranty. If then the valve fails to fill the warranty it may be returned to the factory and the notes or money refunded, and no further claim made on the company. Failure to give notice within the required time shall be conclusive evidence of fulfillment of the above warranty. Purchaser agrees to comply with the printed and written instructions given him by the manufacturer."

The only thing in which the defendant appears from the record to have complied with the provisions of the contract was in giving the written notice of the failure of the valves to fulfill the warranty. He does not appear to have followed, or attempted to follow, the original printed instructions sent him by the plaintiff. He did not return the valves together with the seat to the plaintiff, in order that they might be replaced by new valves and made to work; nor did he permit the employee of plaintiff to put on new valves and attempt to make them work in accordance with the warranty of the plaintiff. There seems to have been considerable delay on the part of plaintiff in sending the machinist to the defendant; but in view of the fact that the record does not disclose when the valves were returned to the plaintiff, and in view of the fact that defendant had wholly failed to attempt to follow instructions given by plaintiff in endeavoring to make the valves work and comply with the

warranty, the defendant cannot complain of such delay. We do not think the evidence discloses a sufficient compliance by the defendant with the terms of the contract to entitle him to complain of the breach of the warranty by plaintiff. That being the case, the rights of plaintiff and defendant being fixed by the contract, there was no evidence in the record to defeat a recovery on the part of plaintiff, and the trial court did not err in directing a verdict for plaintiff.

The judgment should be affirmed.

By the Court: It is so ordered.