## VORIS v. HALL et al.

No. 8448—Opinion Filed Sept. 10, 1918.

(175 Pac. 220.)

(Syllabus.)

**1. Sales—Breach of Warranty—Remedy of Purchaser.**

Where the parties to a contract of sale have stipulated what course shall be pursued by the purchaser in the event the warranty fails, such provision must be followed by him in seeking to enforce the guaranty.

**2. Contracts—Breach of Warranty—Remedy of Purchaser.**

A stallion for breeding purposes was sold under a written guaranty that he would get 60 per cent. of all healthy and regular breeding mares in foal under certain conditions. It was also stipulated between the parties that if said stallion does not fill the above guaranty the vendor will furnish the vendee another stallion of equal value, said vendee agreeing to accept said stallion in satisfaction of said contract, provided, however, the stallion returned has been well cared for and is returned within a specified time. Held, that it was competent for the parties to agree how the purchaser should take advantage of any breach of the warranty, and what the rights of the vendee should be in case the stallion did not meet the require-

ments of the guaranty. Held, further, that the course agreed upon was exclusive. Held, further, that such a stipulation does not contravene section 977, Rev. Laws 1910, which provides: "Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void."

Hardy, J., dissenting.

Error from District Court, Major County; James B. Cullison, Judge.

Action by E. C. Voris against Howard Hall and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

H. M. Bear and S. A. Horton, for plaintiff in error.

Jno. V. Roberts, for defendants in error.

KANE, J. This was an action upon two promissory notes given in payment of a thoroughbred stallion commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendants below. Hereafter, for convenience, the parties will be called "plaintiff" and "defendants," respectively, as they appeared in the trial court.

In their answer the defendants allege a breach of warranty, in that said stallion did not get 60 per cent. of all healthy and regular breeding mares in foal, as by the contract of sale the stallion was warranted to do. The question for review arises out of the following clause of the contract of sale:

"This certifies that I, L. W. Cochran, of Crawfordsville, Indiana, have sold the Percheron stallion Pizarro No. 49996 stallion, to Isabella Horse Company of Isabella, Okla. on February 23, 1909, for $1,600. And I also guarantee the above-named stallion to get 60 per cent. of all healthy and regular breeding mares in foal, provided said stallion is properly cared for and exercised and in a healthy condition, and said mares are returned regularly to be tried and bred; provided, that if said stallion does not fill the above guarantee after a fair trial, said Cochran agrees to furnish said purchaser another stallion of equal value and said purchaser agrees to accept said stallion in satisfaction of this contract; provided, however, that the stallion returned has been well cared for. has not been sold and is returned to said Cochran at Crawfordsville, Ind., February 3, 1910, and not later, sound and in as good condition as when sold."

It was conceded that the stallion was not returned pursuant to the foregoing agreement, but notwithstanding this judgment was rendered in favor of the defendants. The court below took the view that the vendee had the option either to stand upon the warranty and recoup his damages in the action against him on the promissory note, or to accept from the vendor another stallion that would satisfy the warranty. In a former opinion this court sustained the view of the trial court upon the authority of Voris v. Gage et al., 46 Okla. 748, 149 Pac. 150. In the Voris Case, supra, the terms of the contract and the question involved were identical with the contract and question involved in the case at bar. The court in an opinion prepared by Mr. Commissioner Galbraith held:

"For a breach of warranty contained in the written guaranty set out in the opinion the vendee had the option either to stand upon the warranty, and recoup his damages in an action against him on the promissory note or to accept from the vendor another stallion that would satisfy the warranty. Under section 977, Rev. Laws 1910, a stipulation in a contract that restricts the right of the parties to pursue the usual legal remedies in the ordinary tribunals for a breach thereof is void."

Upon rehearing the court, after more mature deliberation, is of the opinion that Voris v. Gage et al., supra, is unsound in principle and should be overruled. There is no conflict in the authorities holding in effect that the parties may agree by provision in their contract to pursue a certain course or a certain remedy in case of breach of warranty, and that such course or remedy is exclusive of the ordinary remedies where it fairly appears to have been the intention of the parties. 5 Elliott on Contracts, 5111. So universal is this rule that to cite the authorities from other jurisdictions supporting it would be but a work of supererogation. The following are a few of the cases in this jurisdiction which hold that where the parties to a contract of sale have stipulated what course shall be pursued by the purchaser in the event the warranty fails, such provision must be followed by him in seeking to enforce the guaranty: Scott v. Vulcan Iron Works Co., 31 Okla. 334, 122 Pac. 186; Updegrove v. Gold Balance Valve Co., 57 Okla. 245, 156 Pac. 684. Indeed, the universality of the general rule is not questioned in Voris v. Gage et al., supra, but the conclusion reached by the court is based solely upon the erroneous view that the clause of the contract under consideration prescribing the course to be pursued was ineffective for that purpose, because it con-

travenes section 977, Rev. Laws 1910, which provides:

"Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void."

We are wholly unable to perceive how this section has any application whatever to the question under consideration in either this or the principal case. The section, as seems to be assumed by the learned commissioner who prepared the opinion in the Voris Case, is not directed against stipulations in contracts which restrict the rights of the parties to pursue the usual legal remedies in the ordinary tribunal, etc., but against stipulations or conditions by which any party to a contract is restricted from enforcing his rights under the contract. By the usual legal proceedings, etc. There is no stipulation or condition contained in either of these contracts by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, and the fact that the parties are now engaged in an effort to enforce what they deem to be their respective rights under the contract by legal proceedings in the ordinary tribunals of the state furnishes the most convincing proof that this is so. What are the parties' rights under their contract? is the precise question now under consideration. Obviously the answer to this question must be found by resorting to the court itself. Now, assuming, as the trial court found, that the guaranty has been breached by the vendor, what are the rights of the vendee under the contract? We find them stated in the contract substantially as follows: The vendee agrees that in case said stallion does not fill the above guaranty after a fair trial, the vendor may furnish him another stallion of equal value, and said vendee agrees to accept the stallion in satisfaction of the contract, provided, however, that the stallion is returned to the vendor not later than March 1, 1910, sound and in as good condition as when sold. Obviously, there is nothing in this which in the slightest restricts either party from enforcing his rights under. the contract by the usual proceedings in the ordinary tribunals. Therefore, inasmuch as it was competent for the parties to agree how the purchaser should take advantage of any breach of the warranty, and what the rights of the vendee should be in case the stallion did not meet the requirements of the guaranty, it must be

held that the course agreed upon by the parties is exclusive, and the buyers having failed to return the horse in accordance with the provisions of the contract, they are precluded from recouping their damages in the action against them on their promissory notes.

For the reasons stated, the judgment of the court below is reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

All the Justices concur, except HARDY, J., who dissents.