## MOLINE PLOW CO. v. HOOVEN.

No. 8924.—Opinion Filed Nov. 4, 1919.

(Syllabus by the Court.)

### Sales—Warranty—Breach.

Where a contract of sale is accompanied by a written warranty which stipulates the course to be pursued in the event the warranty fails, in the absence of some act constituting a waiver of such provisions, both parties are bound by its terms, and are entitled only to the relief contained in its provisions.

Error from County Court, Carter County; Thos. W. Champion, Judge.

Action by Moline Plow Company against N. M. Hooven. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

A. Eddleman, J. W. Harreld, and Stephen C. Treadwell, for plaintiff in error.

Thos. Norman and Jas. H. Mathers, for defendant in error.

BAILEY, J. The parties will be referred to in the relative position they occupied in the lower court.

The plaintiff instituted this action in a justice of the peace court of Carter county on a note to recover the sum of $102. The defendant filed his answer, in which he admitted the execution of the note and that the same was given as a part of the purchase price of one Adriance binder, which was warranted to be built of good material and capable of doing good work under proper management in operating it, and further alleging that the binder was not as warranted, but that the machine would choke up, and would not bind the grain and that, by reason of such defects, the defendant was not able to cut his oats with said machine, and that after thoroughly testing said machine and after such machine had proven to be wholly unsatisfactory and not as represented or warranted,

the defendant delivered back to the agent of plaintiff the machine and demanded the return of his note; that said agent, while still in the possession of said binder, refused and still refuses to deliver said note to defendant, and that said note, by reason of the allegations, is null and void and of no force and effect, and that plaintiff is not entitled to recover thereon.

For further cause of action, defendant alleges in his answer that he planted, during the season of 1915, a large crop of oats, and that he purchased the machine in question for the purpose of cutting and harvesting said oats; that he would not have purchased the machine in question except for the representation made by the agent of plaintiff company, and the warranty of the plaintiff, as to the machine so purchased; that after he discovered the condition of the machine, he tried to get other machines to do his work, but that he was unable to do so, and that had the machine purchased been as warranted and represented to him, he would have cut and saved his oat crop, and that by reason of the breach of said warranty, and the conditions resulting therefrom, he has been damaged in the sum of $200.

After trial in the justice of the peace court, the case was appealed to the county court, where a trial was had de novo, resulting in a verdict in favor of the defendant, the county court rendering judgment upon the verdict of the jury in favor of the defendant, and against the plaintiff, for the sum of $1, and from the judgment thus rendered, the plaintiff brings this case here for reversal.

The evidence abundantly shows that when received, the binder was defective; the testimony showing that the machine would choke down, and that it would not bind the grain and was admittedly unsatisfactory. At the time of the sale, there was executed the following written warranty:

"Each machine is warranted to be well built of good material and capable of doing good work on proper management in operating it.

"If for any reason the machine should not appear to work properly on its first day's use by the purchaser he must give immediate notice in writing to the dealer from whom the machine was purchased, stating in what respect he deems the machine to fail and must allow a reasonable time for a competent person to be sent to remedy the alleged defects; the purchaser to render necessary and friendly aid for that purpose.

"If then, it cannot be made to work well, the purchaser shall return it at once to the

dealer from whom he purchased it, and another machine shall be given and taken in its place, and this shall be a complete settlement between the purchaser and ourselves. No provisions of this warranty can be waived, altered, or modified in any respect by any dealer.

"Continuous use of the machine or at intervals through the harvest season, or failure to notify as above, or to return the machine, as above provided shall be deemed positive acceptance of it by the purchaser."

The record discloses that the machine was ordered the 5th of March, and received about the 1st of June, 1915, and that the machine was immediately tested and the defects discovered; that defendant then notified the plaintiff's agent, who it is admitted sent a representative to investigate the complaint and to remedy the trouble. Some adjustments were made, the machine was again tried, but found to be in an unsatisfactory condition. The agent of the company was again notified, and again a representative was sent to investigate the complaint and to remedy the defects, and it appears later, upon complaint made, the company sent its expert to test and repair the machine. The result of the efforts of the expert do not appear to have been very satisfactory, but defendant continued to make efforts to use the binder. There is some evidence that weather conditions prevented a fair test of the binder.

Numerous assignments of error are made, but such assignments of error all have a single purpose, viz., to challenge the instructions and rulings of the court whereby the jury was permitted to consider the loss and damages to defendant's crop by reason of the defective condition and construction of the binder. It is the contention of the plaintiff that the measure of damages is limited by the terms of the warranty, unless such conditions have been waived by the plaintiff.

We are not unmindful of that class of cases where a loss of profit or damage to crops is recoverable when within the contemplation of the parties at the time the contract is made, and where such damages flow directly or proximately from the breach of such contract, and such damage is capable of accurate estimate or measurement, but we find nothing in the record in this case that warrants the application of such rule. So far from the parties having in mind the application of such rule, the parties themselves negative such idea by agreeing in writing that "if then it (the binder) can not be made to work well, the purchaser shall return it at once to the dealer from whom he purchased it and another machine will be given in its place, and this shall be a complete settlement between the purchaser and ourselves." The evidence discloses that the binder was retained by the defendant until the end of the harvesting season, and then returned and left apparently in the public highway without demand or request for another machine, but, upon the contrary, asserting that he would not receive another machine; nor do we think the evidence discloses that the plaintiff had ever accepted such machine.

Having entered into an agreement which provides the requirements as to each of the parties to the contract, if the warranty fails, in the absence of such act or conduct constituting a waiver of the conditions of the warranty, the test and measure of liability of damages to the parties must be found in and concluded by the provisions of the agreement. A warranty identical in form with the one offered in evidence in this case was before this court in Moline Plow Company v Wilson, 74 Oklahoma, 176 Pac. 970, and the pleadings and evidence in the case now before the court are not dissimilar in any material respect to the pleadings and evidence in the case of Moline Plow Company v. Wilson, supra, and in that case this court held:

"Where a sale is accompanied by a written warranty in such terms as imposes a legal obligation without any uncertainty as to the object or extent of such warranty nor as to extent of liability or remedy if such warranty fails, both parties are conclusively bound by its terms, and are entitled only to the relief contained in its provisions."

The rule, as announced in R. C. L., vol. 24, page 241, par. 617, is as follows:

"A provision giving the seller the right in case the property does not conform to the warranty to remedy the defect and make the property so conform, or to substitute another article in its place, is binding on the parties."

In Scott v. Vulcan Iron Works Co., 31 Oklahoma ( 334, 122 Pac. 186, it is said:

"Where parties to a contract of sale have stipulated what course shall be pursued by the purchaser, in the event the warranty fails, such provision must be followed by him in seeking to enforce the guaranty."

See, also, Hope v. Peck, 38 Okla. 531, 132 Pac. 344; Voris v. Hall, 71 Oklahoma, 175 Pac. 220; Moline Plow Co. v. Adair, 76 Oklahoma, 183 Pac. 499; Updergrove v. Gould Balance Valve Co., 57 Okla. 245, 165 Pac. 684.

Therefore, reaching the conclusion that the damages sought to be recovered for the loss and damages to crops were not prop-

erly allowable under the evidence in this case, we are of the opinion that the court erred in submitting to the jury the instructions given relating to the recovery of such damages, and the cause is therefore reversed and remanded, with directions to grant a new trial.

OWEN, C. J., and PITCHFORD, HIGGINS, and McNEILL, JJ., concur.