## SENECA CO. v. DARNELL.

No. 10050—Opinion Filed April 19, 1921.

(Syllabus.)

**1. Evidence—Parol Evidence—Written Contract—Fraud in Procurement.**

It is competent to show by parol evidence that a contract was procured by fraud and misrepresentation, where such fraud and misrepresentation is pleaded and relied upon as a defense.

**2. Sales — Action for Price—Defense of Fraud—Sufficiency of Evidence.**

The evidence examined, held that the evidence is sufficient to support the verdict of the jury, and the verdict will not be disturbed by this court.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by the Seneca Company against R. L. Darnell to recover on an account. Judgment for defendant, and plaintiff bring error. Affirmed.

E. D. Slough, for plaintiff in error.

Champion & George, for defendant in error

MILLER, J. This action was commenced in the justice court before Hal. M. Cannon. a justice of the peace of Carter county, by the Seneca Company, as plaintiff, to recover the sum of $29.05 and interest against R. L. Darnell for certain patent medicines sold by the plaintiff to the defendant. The case was tried before a jury in the justice court, and the jury returned a verdict in favor of the defendant. The plaintiff appealed to the district court of Carter county, where a trial de novo was had ·before a jury; this jury also returned a verdict in favor of the defendant, and the court rendered judgment on the verdict of the jury. The motion for a new trial was filed by the plaintiff, and overruled by the court. The plaintiff then perfected this appeal. The parties will be referred to as they appeared in the court below.

The plaintiff complains of the following errors in the petition in error:

"(1) Said court erred in overruling the motion of plaintiff in error for new trial. (2) Said court erred in refusing to instruct the jury to return a verdict for the plaintiff in

errer. (3) Said court erred in admitting evidence over the objection of the plaintiff in error."

In plaintiff's brief these assignments of error are discussed under two points. The first point is:

"The court erred in admitting parol evidence to vary the terms of the written contract for the sale and purchase of the goods, the price of which is sued for."

The plaintiff cites a number of authorities to support the point raised; but the evidence complained of did not vary the terms of the written contract. The evidence introduced, and which was complained of by the plaintiff, was in substance the same as the guaranty provided for in the written contract. This evidence was not introduced for the purpose of varying the written contract, but for the purpose of showing false and fraudulent representations by the agent and salesman of the plaintiff which induced the defendant to sign the written agreement for the purchase of the goods, and, as such, the evidence was clearly admissible.

"It is competent to show by parol evidence that a contract was procured by fraud and misrepresentation, where such fraud and misrepresentation is pleaded and relied upon as a defense." Colonial Jewelry Company v. Jones, 36 Okla. 788, 127 Pac. 405.

"Fraud and deceit always may be timely raised, and vitiate every contract into which they are injected, and destroy the validity of everything into which they enter, and the party cannot hide behind a contract procured in the general scheme of his misconduct with the assertion that all representations, whether false or otherwise, made previous to a written contract are merged therein." Hooker et al. v. Wilson, 69 Oklahoma, 169 Pac. 1097.

"Parol evidence is not admissible to vary the terms of a written contract, but parol evidence may be introduced to prove a separate parol agreement, constituting a condition precedent to th taking effect o fa written contract." J. M. Hoard, Jr., Company v. Grand Rapids Show Case Company, 74 Oklahoma, 173 Pac. 844.

See, also, Shuler v. Hall, 42 Okla. 325, 141 Pac. 280; McLean v. Southwestern Ins. Co. of Oklahoma, 61 Okla. 79, 159 Pac. 660; Jesse French Piano & Organ Co. v. Bodovitz, 73 Oklahoma, 174 Pac. 765; American Bankers' Ins. Co. v. Hopkins, 67 Oklahoma, 169 Pac. 489; Nickle v. Reeder, 66 Oklahoma, 166 Pac. 895.

The plaintiff did not attempt to deny the testimony of the defendant as to the representations made by the agent of the plaintiff. The plaintiff insists that the only remedy the defendant had was to get other goods to replace the ones that were not satisfactory, and then quotes the language of the written guaranty and authorities in support of his contentions as follows:

"'The Seneca Company, Inc., guarantee above goods to give satisfaction and will replace any where it should be necessary to refund money to a dissatisfied customer, with any shipment made to the dealer.'

"In Moline Plow Co. v. Wilson, 73 Oklahoma, 176 Pac. 970, quote from syllabus: 'When a sale is accompanied by a written warranty in such terms as import a legal obligation, without any uncertainty as to the object or extent of such warranty, nor as to extent of liability or remedy if such warranty fails, both partis are conclusively bound by its terms, and are entitled only to the relief contained in its provisions.' In this case Molne Plow Co. sold harvester to Wilson, warrantying material and operation, and agreeing to replace machine with another, if the machine sold failed to work properly. The same rule is laid down in Voris v. Hall, 71 Oklahoma, 175 Pac. 220. There are several other Oklahoma cases holding the same: Scott v. Vulcan Iron Works. 31 Okla. 334, 122 Pac. 186; Updegrove v. Gould Balance Valve Co., 57 Okla. 245, 165 Pac. 684."

Disinterested witnesses who bought some of these remedies from the defendant and used them on their stock testified to the following results:

Frank Tindall bought some of the Lice Killer, used it on his dog; it did not kill the lice but killed the dog.

D. L. Lambert testified that the Heave Remedy did not relieve his horse of the heaves, but injured the horse. Another witness testified that he tried the Heave Remedy on his horse; that it did not relieve the horse of the heaves, but he did not notice any bad effects on the horse, which shows he was fortunate, considering the other evidence introduced.

The defendant testified that he did not try to sell any of these remedies after being informed of the foregoing results, and that he would not sell any of them.

We are unable to understand why a dealer would want any of these goods replaced, when by a sale of them he would subject himself to liability in damages, knowing the effect they had already produced.

The second point raised by plaintiff is as follows:

"The court erred in refusing to instruct the jury to return a verdict for the plaintiff, for the reason that there was not sufficient

evidence to support a verdict for the defendant."

We have examined the evidence, and find that it was sufficient to submit to the jury and it was amply sufficient to sustain the verdict of the jury.

Two different juries had reached the same verdict, and we think, under the evidence, it was a righteous one. The verdict of the jury and the judgment of the court should be and the same are hereby affirmed.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.