### REITAN et al. v. WILKINSON.

No. 20692. Opinion Filed Jan. 19, 1932.

Hughes & Dickson, for plaintiffs in error.

Ross Rizley and Orlando F. Sweet, for defendant in error.

HEFNER, J. This is an action brought in the district court of Texas county by J. O. Wilkinson against Henry L. Reitan and Minneapolis Steel & Machinery Company, to rescind a contract of sale of a Twin City tractor and to recover the sum of $800, part of the purchase price paid therefor, and to cancel a note given for the balance of the purchase price thereof.

The tractor was purchased under written warranty as to quality which, in part, provides:

"B. If within three days after its first use, the machinery with proper care and under favorable conditions shall fail to fulfill the warranty, the purchaser agrees that he will immediately give notice by registered mail to the dealer, from whom same was purchased, at his regular place of business, and to the Minneapolis Steel & Machinery Company at 2854 Minnehaha Avenue, Minneapolis, Minn., stating wherein the machine has failed, and shall allow a reasonable time for a competent man to be sent to put it in good order and the purchaser shall render necessary and friendly assistance to operate it.

"C. If the machine cannot then be made to fulfill the warranty, the dealer, upon written instructions from the home office of the Minneapolis Steel & Machinery Company, will either furnish another machine with the same above warranty, or, at his option, all cash and notes paid on the purchase price shall be refunded to the purchaser, either of which acts shall constitute a settlement in full of the transaction and operate as a release of all claims of both purchaser and dealer arising out of this contract.

"D. Failure on the part of the purchaser to give notice within the three days above specified shall operate as an acceptance of the machine and a complete fulfillment of this warranty.

"E. When, at the request of the purchaser, some person is sent to remedy or repair

machinery and same is found to have been carelessly or improperly handled or operated, the expense incurred by the dealer in putting it in working order shall be paid by the purchaser. No attempt by the dealer or his representatives or by the company or its representatives to remedy any alleged defective machinery shall be deemed a waiver of any of the provisions of the warranty, and if a service man visits the machine and does not leave it working properly, the purchaser shall give immediate notice by registered letter both to the dealer at his place of business and to the Minneapolis Steel & Machinery Company, No. 2854 Minnehaha Avenue, Minneapolis, Minn., stating specifically the failure or neglect complained of."

It is plaintiff's contention that the tractor was not as warranted and that he is, therefore, entitled to rescind the contract and recover back the money paid. The defense was that plaintiff was not entitled to rescind for the reason that he failed to give written notice of the defective condition of the machine as provided by the contract, and for the further reason that he failed to return the old machine and demand a new one prior to bringing the action.

Defendants offered no evidence. At the conclusion of plaintiff's evidence both parties requested a directed verdict. The request of defendants was denied and that of plaintiff was granted and the jury instructed accordingly. A verdict was returned under the instruction in favor of plaintiff, and judgment was, by the court, rendered thereon. Defendants contend that the court erred in overruling their request for a directed verdict, and in sustaining the request of plaintiff.

The evidence is conclusive that the tractor was not as warranted and that it was defective in several particulars. The engine under an ordinary strain would heat to such an extent that it could not be successfully operated. The fuel oil, because of some defect in the machine which defendants' experts could not locate. was drawn into the lubricating system which made it impossible to successfully operate the tractor.

Defendants do not argue that there was no breach of the warranty, but contend, first, that the plaintiff cannot recover because he failed to give written notice of the defects in the machine as provided by the terms of the contract. The evidence discloses that plaintiff did not give written notice thereof to either of the defendants, and it is further disclosed that he failed to give defendant Minneapolis Steel & Machine Company direct notice of any kind. The evidence, however, discloses that within six or eight hours after plaintiff started to

operate the tractor, he notified defendant Reitan, local dealer who sold him the machine, that it did not work properly, and that Mr. Reitan advised him to keep running it; that it would function properly after being operated for sometime as all new tractors were liable to heat up considerably. Under this advice, he attempted to continue operating the machine, but the engine became so hot that it was impossible to further operate it. The evidence further discloses that within three days after the receipt of the tractor, defendant, by telephone, notified an agent of defendant Minneapolis Steel & Machine Company of the defective condition of the machine, and in response defendant dispatched an expert to remedy the trouble. The expert was unable to do so. Thereafter, at the request of plaintiff, other experts and machines were sent by defendants to remedy the defects in the machine, but they were unable to do so. The evidence further discloses that plaintiff continued to use the machine because of the promise of these experts and mechanics that in time they would be able to put it in proper running condition. After repeated efforts and failure on part of defendants to put the machine in working condition, plaintiff ceased attempting to use it and purchased a second-hand machine in place thereof. Under this evidence, we think plaintiff's failure to give written notice of the defective condition of the machine, as provided by the terms of the contract, does not preclude his rescinding the contract. The acts and conduct on the part of defendants operated as a waiver or written notice. Hale v. Van Buren, Heck & Marvin Co., 24 Okla. 13, 103 P. 1026; Emerson Brantingham Implement Co. v. Ritter, 69 Okla. 95, 170 P. 482; Hart-Parr Co. v. Duncan, 75 Okla. 59, 181 P. 288.

Defendants next contend that plaintiff cannot recover for the reason that he failed to return the old tractor and demand a new one prior to bringing his action. The evidence shows that he did not return this machine or demand of defendants that they deliver a new machine. In his pleading, however, he tendered the old machine to defendants. The evidence further discloses that after defendants' experts failed to put the machine in working order, he notified defendant Reitan that it would not work and was worthless, and that he intended to sue him to recover his money. Defendant, in reply, stated that he knew the machine was defective and could not be made to work and that he would rather furnish a new engine at his own expense than have any trouble, but neither of the defendants at any time offered to furnish

plaintiff with either a new engine or a new machine. We think, under these facts, that it was not incumbent upon plaintiff to return the old machine and demand a new one in order to maintain the action. The contract does not so provide. Defendants had notice of the failure of warranty. They knew that the machine was so defective it would not perform the work it was intended to do. If they desired to avail themselves of the provisions of the contract authorizing them to settle with plaintiff by furnishing him with a new machine, it was their duty to tender him such machine within a reasonable time. Plaintiff, in his pleading, tendered the machine. No duty is placed upon him under the contract to return the old machine and demand a new one. He was, therefore, not required so to do prior to bringing the action.

In vol. 24, R. C. L., at page 241, the following rule is announced:

"As a general rule, if the contract expressly provides that the liability of the seller in the case of a sale of machinery shall be limited to the replacement of defective parts, a claim for damages does not arise so long as he offers to replace such parts; and it has been held under a contract requiring the buyer of machinery to give the seller notice of defects therein and an opportunity to remedy them, that the seller is entitled to recover the price of defective machinery which is destroyed before any complaint is made. The right given the seller to replace defective parts or to substitute another article does not itself impose any active duty on the buyer to make a return to the seller; but a provision of this character does not require the buyer to give the seller an indefinite length of time within which to remedy the defect, and if, after reasonable time therefor is given the seller, the chattel still fails to conform to the warranty, the buyer may resort to his ordinary remedies."

In the case of Moore v. Emerson, 63 Mo. App. 137, the court said:

"The collateral contract of warranty, supra, contains, in addition to the express warranty of breeding qualities in the animal sold, an agreement on the part of the seller to take him back and give another in exchange, if he fails to fulfill the warranty in a specified time. It does not contain any term or stipulation binding the purchaser to exercise the right to return the animal afforded him by the agreement of the vendor. Still less is there anything in the contract, evidencing an agreement on the part of the purchaser to return the animal. As far as the obligations of the contract are concerned, they are unilateral and rest upon the vendor."

Defendants rely on the case of Moline Plow Co. v. Hooven, 76 Okla. 250, 185 P. 102, to sustain their position that it was the duty of the plaintiff to return the machine and demand a new one if he desired to rescind the contract, and that a tender of the machine in his pleadings was not sufficient. In our opinion, this case does not sustain the contention of defendants. It is not applicable to the facts in the instant case, and the judgment is affirmed.

Plaintiff requests that judgment be rendered in this court on the supersedeas bond executed by defendants. It appears that such bond was executed by defendants as principals and Maryland Casualty Company of Baltimore, Md., as surety. The trial court rendered judgment in favor of plaintiff and against defendants for the sum of $800, with interest thereon at eight per cent. per annum from the 19th day of April, 1929, and costs of the suit. It is, therefore, ordered that plaintiff, J. O. Wilkinson, have and recover from defendants Henry L. Reitan and Minneapolis Steel & Machinery Company, a corporation, as principals, and the Maryland Casualty Company, a corporation, as surety, upon the supersedeas bond, the sum of $800, with interest thereon at the rate of eight per cent. per annum from the 19th day of April, 1929, until paid, and all costs of suit.

CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY, J., absent.