BAUMAN et al. v. INTERNATIONAL HARVESTER CO.

No. 30684. Oct. 27, 1942.

*130 P. 2d 287.*

Owen F. Renegar, of Oklahoma City, for plaintiff in error.

Meacham, Meacham, Meacham & Meacham, of Clinton, for defendant in error.

HURST, J. Plaintiff, International Harvester Company, sued in replevin to recover from defendants, W. H. Bauman and Anna Bauman, a thresher upon which plaintiff held a chattel mortgage. Defendants by answer and cross-petition asked for damages for breach of a warranty of satisfactory performance by the Hagin Farm Equipment Company, from whom they purchased the thresher, and who they alleged was the agent of plaintiff. From a directed verdict and judgment for plaintiff, defendants appeal.

Defendants make two contentions: (1) That the plaintiff failed to make proper proof of rendition and payment of intangible tax; and (2) that the trial court erred in refusing to permit defendants to present evidence as to breach of warranty and for damages.

1. Plaintiff's credit and collection manager identified the note secured by the chattel mortgage, and plaintiff offered the note in evidence. Defendants objected for the reason that proof of payment of the intangible tax thereon had not been made. Thereupon the witness, in response to questions propounded by plaintiff's attorney, testified that the intangible tax had been paid on the note for each and every year the note had been held by plaintiff since the law became effective. Counsel for plaintiff then renewed his offer of the note. Defendants objected to the offer on the ground that neither the tax receipt nor the return for taxation had been introduced in evidence, and that the statement of the witness that the tax had been paid was not competent and proper evidence of such payment. The trial court overruled the objection and admitted the note in evidence.

The Intangible Tax Law does not specify the mode of proof of payment. If the evidence offered was not the best evidence of the payment of the tax, and counsel for defendants wanted better evidence produced, he should have objected promptly, and the trial court probably would have required defendant to produce the tax receipt or the return made to the county treasurer. Inadmissibility of evidence offered is waived by failure to object thereto. 64 C. J. 224; 26 R. C. L. 1052, note 19; West Digest, Trial, 105 (5). And the objection must be promptly made. 26 R. C. L. 1047, note 7; 64 C. J. 173. Secondary evidence admitted without objection may be given the same consideration as if it were legally admissible and may be sufficient to sustain the judgment. 64 C. J. 224-226. In the instant case the testimony of the witness was positive and unequivocal, and was sufficient, in the absence of any objection, to justify the admission of the note in evidence.

2. The thresher was sold under a written warranty, which provided that if upon a trial it failed to work properly plaintiff should be notified, and could within a reasonable time remedy the trouble or substitute new parts or a new machine. It further provided:

"If the Seller fails to send a man or if the machine as then adjusted, repaired or replaced, still fails to fulfill the warranty, the Purchaser shall decide within five days thereafter whether

to keep it or return it and if he desires to return it, he shall give the Seller immediate written notice, tender back the machine at the place where delivered to him and request the refund of the purchase price, repayment of which shall constitute a settlement in full. The Seller assumes no liability hereunder, either to put the machine in good working order or to take it back, unless such trial is made and such notices are given within the time specified. Failure to give such notices or use of the machine for more than one day or continued retention of possession shall be considered an unconditional acceptance and a fulfillment or waiver of all warranties and no assistance rendered by the Seller in operating any machine or in remedying any actual or alleged defects, either before or after said trial period, shall waive or excuse failure by the Purchaser to comply with said conditions."

The machine was purchased in June, 1938, and defendants retained possession thereof at all times. On June 15, 1939, a written agreement to adjust the machine was entered into between defendants and plaintiff, which recited that defendants were complaining that the machine was not doing a satisfactory job, and that plaintiff was to have an expert adjust the machine, or do what was necessary to make it function properly. Defendants agreed to place $300 in the Cordell National Bank, and if disinterested arbitrators appointed by the parties decided that the machine operated efficiently after such adjustment or repair, the bank should pay the $300 to plaintiff. From the evidence it appears that the arbitrators decided that the machine was put in shape to operate efficiently, and the $300 was paid to plaintiff and applied on the note of defendants.

Defendants contend that this agreement abrogated the general warranty under which the machine was sold, and left them in the same situation as if that warranty had never existed, and that therefore they could recover damages alleged to have been suffered by the failure of the machine to function properly, on the theory of the existence and breach of an implied warranty of fitness.

We do not agree. Under the terms of the quoted warranty defendants, by retaining the machine, accepted it unconditionally, and no further obligation under any warranty rested upon plaintiff. Moline Plow Co. v. Hooven, 76 Okla. 250, 185 P. 102; International Harvester Co. v. Snider, 184 Okla. 537, 88 P. 2d 606. The agreement to adjust the machine made no new warranty, nor did it in any way revive the operation of the original one. The only penalty stipulated therein was the repayment to defendants of the $300 if the machine failed to perform efficiently after the adjustments or repairs were made.

The offer of proof made by defendants, and overruled by the trial court, did not contain an assertion that the plaintiff had induced defendants to keep the thresher, as in International Harvester Co. v. Snider, above. It was simply an offer to prove that plaintiff failed to repair the thresher; that it was worthless, and that defendants had been damaged in the sum of $1,500 due to loss of crops thereby, and $300, the value of a machine traded in on it. The offer was properly rejected. The trial court did not err in directing a verdict for plaintiff.

Affirmed.

OSBORN, BAYLESS, GIBSON, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY and DAVISON, JJ., absent.