**W. J. VOLZ, Plaintiff in Error,**

**v.**

**C. J. CLARK, an Individual, d/b/a Clark Equipment Company, Defendant in Error.**

**No. 37322.**

Supreme Court of Oklahoma.

Nov. 7, 1956.

Sam L. Wilhite, Anadarko, for plaintiff in error.

Oris L. Barney, Anadarko, for defendant in error.

WELCH, Justice.

Plaintiff filed an action in replevin to recover possession of a hay baler sold by him to the defendant W. J. Volz. Attached to the petition was a copy of a chattel mortgage and on the reverse side of the chattel mortgage was a warranty of the fitness of the machine by the J. I. Case Company. Defendant filed an answer and cross-petition alleging a breach of the warranty by plaintiff, and resulting damage. The J. I. Case Company was made a party defendant on the application of the plaintiff. This company then filed an answer setting up the written warranty attached to the plaintiff's petition. Issues being made upon the pleadings the case was called for trial and after the opening statement of counsel for defendant W. J. Volz judgment was entered for the plaintiff on the pleadings and the opening statement of defendant. Defendant appeals.

The warranty in part is as follows:

"(a) If upon operation by the purchaser in the manner aforesaid for two days any Case machine shall fail to fulfill such warranty, written notice thereof shall be given at once to the dealer from or through whom the same was purchased. If the dealer does not remedy the defect within two days after notification, then immediate written notice of the defect particularly describing the same, specifying the time of discovery thereof, and the time of notification to the dealer shall be given by registered letter to J. I. Case Company, at its branch house having jurisdiction over such dealer's territory, after which notice reasonable time shall be given to the Company to either send a competent person to remedy the defect or suggest by letter the remedy of the defect, if it be of such a nature. If the machine is found by the Company to be defective in material or workmanship, then the Company will see to it that the defect is remedied, otherwise purchaser agrees to pay the expenses incurred by the Company with reference thereto and in any event purchaser agrees to render necessary and friendly assistance without compensation.

"(b) If, after such notice and opportunity to remedy the difficulty, the Company fails to make the machine fulfill the warranty, the part that fails shall be returned immediately by the purchaser free of charges, to the place from where it was received and the Company notified thereof at its Branch House aforesaid, whereupon the Company shall have the option to furnish another machine or part in place of the one so returned which shall fulfill the warranty, or cause to be returned the money and notes or proportionate part thereof received from such machine or part and no further claim shall be made."

The defendant W. J. Volz in his answer stated that after he had purchased the hay baler he informed the plaintiff that the machine did not work; that the plaintiff sent a mechanic to the place of defendant Volz and that the mechanic attempted to fix the machine and was unable to do so; that thereafter the machine could not be made to operate and that it failed to tie the bales of hay; that he was forced to send a man behind the baler as it was operating in order to tie the bales of hay, and that he suffered damage in a certain amount for which he sought recovery.

As stated by the defendant Volz, if the answer and opening statement raises an issue of a material fact upon which a judgment could be based for the defendant, it was error for the trial court to direct a verdict for the plaintiff. It is therefore necessary to determine whether there is

any allegation in the answer, or any statement in the opening statement of counsel for defendant Volz reasonably connected therewith that indicates a waiver of the conditions imposed in said warranty by the J. I. Case Company.

Defendant Volz cites Baker v. Nichols & Shepard Co., 10 Okl. 685, 65 P. 100; Kinnard-Haines Co. v. Dillingham, 73 Okl. 129, 175 P. 208; Advance-Rumely Thresher Co. v. Yancy, 100 Okl. 197, 229 P. 149; Advance-Rumely Thresher Co. v. Welch, 165 Okl. 94, 25 P.2d 58, among other cases. In all of these cases there was an opportunity to correct the defect or repair the machine, and a waiver of a failure of the purchaser to notify the seller of the machine and the terms of the warranty were held to have been waived for this reason. We find no demand made upon the J. I. Case Company either oral or written. The most that can be said is that defendant Volz asserts that the plaintiff knew the machine did not work. There is no allegation either in the petition or opening statement that J. I. Case Company was ever informed of the defects of the machine or had any knowledge of its failure to work.

 The rule to be applied is found in Bauman v. International Harvester Co., 191 Okl. 392, 130 P.2d 287, which is similar in some respects to the case under consideration. Therein it is stated:

"Where a contract of sale is accompanied by a written warranty which stipulates the course to be pursued in the event the warranty fails, in the absence of some act constituting a waiver of such provision, both parties are bound by its terms, and are entitled only to the relief contained in its provisions."

See, also, in this connection Allis-Chalmers Mfg. Co. v. Hawhee, 187 Okl. 670, 105 P.2d 410.

After a careful review of the pleadings filed by the defendant Volz and the statement of counsel made with relation there-to we are of the opinion and hold that there was no defense to the action in replevin.

The judgment of the trial court is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and CARLILE, JJ., concur.

JACKSON, J., concurs in result.