Russell J. STRAIGHT, Mary D. Evans and Josh J. Evans, co-partners, doing business as Pryor Hay & Grain Company, and Russell J. Straight, Mary D. Evans and Josh J. Evans, as individuals, and Gene D. Dillon, Appellants,

v.

JAMES TALCOTT, INC., Appellee.

No. 7396.

United States Court of Appeals Tenth Circuit.

March 13, 1964.

Rehearing Denied April 13, 1964.

George H. Jennings, Sapulpa, Okl., and Josh J. Evans, Vinita, Okl. (L. Keith Smith, Jay, Okl., with them on brief), for appellants.

Jacob L. Morehead, Tulsa, Okl. (David R. Milsten, Tulsa, Okl., with him on brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a summary judgment in a diversity action by the assignee of a conditional sales contract and attached promissory note. The contract and note were made by the appellant-partnership for the purchase and erection of two grain storage buildings. The judgment gave possession of the buildings to the assignee-corporation, and provided for any deficiency after sale. Appellants do not deny the purchase of the buildings or the execution of the contract and note, but assert the seller's breach of implied warranty of fitness as a complete defense to the suit by the assignee. The contract saliently provides: "We [the appellants] will settle all claims against you, the seller, directly with you, you hereby agreeing to remain responsible therefor, and we will not set up any such claim against your assigns. No oral agreement, guaranty, representation, or warranty shall bind you or your assigns." The summary judgment is necessarily based upon the binding effect of the foregoing stipulation, which unmistakably operates to withhold the asserted defense against the assignee, unless as appellants contend, the stipulation is inoperative as contrary to the policy of the law in Oklahoma, as enunciated in suggested Oklahoma statutes.

■ The stipulation is in some way said to be interdicted by 12 O.S. § 222, which provides: "In the case of an as-signment of a thing in action, the action of the assignee shall be without prejudice to any set-off or other defense now allowed; but this section shall not apply to negotiable bonds, promissory notes, or bills of exchange, transferred in good faith and upon good consideration, before due." This statute simply puts the assignee in the shoes of the assignor, in the case of an assignment of a non-negotiable thing in action such as our contract. But, it does not undertake to abrogate or condition the right of the parties to contract with respect to their rights and remedies upon assignment. Particularly, it does not preclude the right of the parties to contract with respect to the waiver of defenses, or to specify the party or parties against whom the defenses may be available, as here. See: Anglo-California Trust Co. v. Hall, 61 Utah 223, 211 P. 991, wherein the Utah Court construed a similar statute. And see: Young v. John Deere Plow Co., 102 Ga.App. 132, 115 S.E.2d 770; and Walter J. Hieb Sand & Gravel, Inc. v. Universal C. I. T. Credit Corp., 332 S.W.2d 619.

■ Another Oklahoma statute relied upon by the appellants provides: "Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void." 15 O.S. § 216. The Oklahoma Court has finally construed this statute to condemn only those contracts which foreclose a party from enforcing his rights under the contract by a legal proceedings in an ordinary tribunal, and is not directed to stipulations restricting a party to a particular remedy for the enforcement of his rights in an ordinary tribunal. Making application of this construction of the statute, the Court specifically held that "inasmuch as it was competent for the parties to agree how the purchaser should take advantage of any breach of the warranty, * * * the course agreed upon by the parties is exclusive * * *." Voris v.

Hall, 71 Okl. 44, 175 P. 220, reversing Voris v. Gage, 46 Okl. 748, 149 P. 150. And see: Metropolitan Life Ins. Co. v. Peeler, 71 Okl. 238, 176 P. 939, 6 A.L.R. 441; Moline Plow Co. v. Hooven, 76 Okl. 250, 185 P. 102; Long v. Ideal Electric & Mfg. Co., 120 Okl. 63, 250 P. 504; Allis-Chalmers Mfg. Co. v. Hawhee, 187 Okl. 670, 105 P.2d 410; Bauman v. International Harvester Co., 191 Okl. 392, 130 P.2d 287; Voltz v. Clark, 303 P.2d 441; and Stalcup v. Easterly, 351 P.2d 735. Cases relied upon by appellants involve contracts which preclude all resort to the courts, such as arbitration agreements, and are not applicable to the conditional sales contract here. See: Wilson v. Gregg, 208 Okl. 291, 255 P.2d 517; and Boughton v. Farmers Ins. Exchange, 354 P.2d 1085, 79 A.L.R.2d 1245. Nor, are cases involving fraud, or total failure of consideration pertinent to the contract presently under consideration. See: American Nat. Bank of San Francisco v. A. G. Sommerville, Inc., 191 Cal. 364, 216 P. 376; C. I. T. Corporation v. Shogren, 176 Okl. 388, 55 P.2d 956; and Dearborn Motors Credit Corp. v. Neel, 184 Kan. 437, 337 P.2d 992.

Our stipulation is not contrary to the express provisions of any Oklahoma statute, or otherwise contrary to good morals. See: 15 O.S. § 211. It operates to bar the defense of breach of implied warranty as against the assignee, and summary judgment was appropriate.

The decree of the Court with respect to possession and deficiency reads on the terms of the contract. Appellants insist, however, that appellee having elected to recover possession of the chattel, waived his right to recover the purchase price, and that the Court erred, therefore, in providing that any balance remaining after sale "be a judgment against said [appellants], and each of them; and any surplus to be accounted for to them." See: C. I. T. Corp. v. Fisher, 187 Okl. 314, 102 P.2d 848, cited by appellants. The conclusive answer is that the validity of this contractual provision and its enforceability under Okla-

homa law, is now settled by Selected Investments Corporation v. Anderson, 319 P.2d 588, wherein the Oklahoma Court overruled C. I. T. v. Fisher, ibid, holding "* * * that the repossession of the chattel for this purpose [i. e., sale], where authorized in the agreement, is not an election or rescission of the agreement barring an action for any deficiency remaining after application to the debt of the proceeds of the sale." And see: Welles v. Acree Motor Co., 188 Okl. 173, 107 P.2d 175.

The judgment is affirmed.