## ADVANCE-RUMELY THRESHER CO., Inc., v. WELCH.

No. 20835.    Sept. 19, 1933.

Titus & Hill and Long, Houston, Depew, Norton & Stanley, for plaintiff in error.

Simons, McKnight, Simons & Mitchell for defendant in error.

RILEY, C. J. This is an action commenced by plaintiff seeking judgment on three promissory notes and foreclosure of a chattel mortgage on a combine harvester for which said notes were given.

Defendant answered, admitting the execution of the notes and chattel mortgage, and further alleged that in addition to giving the notes he made a cash payment on the machine in the sum of $100, and by way of trade-in of another machine he gave the value of $1,140, and paid out for freight the sum of $165; that he had purchased said combine harvester from plaintiff under a written contract, containing, among other things, a warranty as follows:

"Said machinery is warranted to be well made and of good material, and with proper use capable of doing as good work as any other machine of the same kind, size and rated capacity, working under like conditions."

Defendant further alleges that said contract contained certain provisions and requirements with regard to giving notice of defects, but that such provisions had been waived by plaintiff. He then pleaded a breach of the warranty in several particulars and alleged that the machine was wholly and totally worthless; that it was not well made of good material; that it was not capable with proper use of doing as good work as any other machine of the same kind, size and rated capacity, working under like conditions; that it was improperly designed; was heavy and so overweight that it could not successfully be used for harvesting grain; that after giving said machine a fair trial under favorable conditions, with the tractor with which he had successfully operated two other combines of other makes, defendant notified plaintiff's agent of its failure to work, and they in turn notified plaintiff, who sent its state agent and other representatives and employees to attempt to make it work, and they were unable to do so, and could not operate said machine with such tractor; that defendant had been compelled to hire an additional tractor with which to operate said machine for 20 days at $20 per day, and that by using both tractors, 20 days' time was required to harvest 380 acres of wheat, whereas not more than 10 days should have been required with the use of but one tractor. He further alleged some six or seven particulars in which he claimed the machine failed to comply with or come up to the warranty. He further alleged that he had been compelled to hire another

machine to harvest 40 acres of his wheat at an expense of $3 per acre; that by reason of the defective machine defendant had lost a large amount of wheat, and that by reason of the delay caused by using said machine, the quality of his wheat had been damaged. He also alleged great additional expense in harvesting his wheat, all to his damage in the sum of $1,000. He pleaded that he had offered to return the combine to plaintiff, and still stood ready to return and deliver it to plaintiff either at his farm or at the railroad station. He prayed that plaintiff take nothing and for judgment in his favor against plaintiff in the sum of $2,500.

Plaintiff replied by general and special denial of the allegations of defendant's answer, and set up a copy of the written contract, which, in addition to the warranty clause pleaded by defendant, contained the following:

"Purchaser shall not be entitled to rely upon any breach of above warranty or to rescind this contract or to any claim or set-off against the vendor because of any breach, unless: (a) Notice of the defect or breach, particularly describing the same and specifying the time of discovery thereof, is given by registered letter addressed to vendor at its head office, posted within four days after such discovery; (b) such defect or breach appears within ten (10) days after the first use of the goods; (c) the vendor fails to remedy such defect or breach by substitution of parts or otherwise within a reasonable time after receipt of such notice, which substitution it shall have the right to make.* * *

"If vendor fails to remedy the defect purchaser shall have the right immediately to return the defective goods or parts in as good condition as when received by him to the places to which they were received, and shall thereupon give vendor immediate written notice by a registered letter addressed and mailed to vendor at its head office."

It also pleaded that defendant had signed a waiver of any claim against plaintiff, reading as follows:

"Dated at Helena, Oklahoma, July 5, 1926. This is to certify that the machinery herein described is now in good working order, and I hereby waive all claims, whether real or supposed, that I may have or have had against said Advance-Rumley Thresher Company, Inc., machine was not in proper shape to begin harvesting a crop and pulls harder than represented to me. Signed M. P. Welch."

The reply also pleaded failure of defendant to return the machine and give notice thereof.

Defendant answered the allegations of the reply with reference to the waiver by alleging that his signature was procured to the waiver by fraud and that the same was executed without any consideration whatever.

At the trial before a jury, defendant assumed the burden of proof, and at the close of his evidence plaintiff demurred thereto, which demurrer being overruled, plaintiff elected to stand upon the demurrer and refused to put on any evidence.

The case-made contains the depositions of witnesses taken by plaintiff, but they were not introduced in evidence and are not properly in the record and may not be considered.

Both parties requested an instructed verdict. Request of plaintiff was denied, and that of defendant, which was for an instructed verdict only for the amount paid plaintiff on the machinery and the freight, and the cancellation of the notes and mortgage, was granted and verdict was returned and judgment entered accordingly, and plaintiff appeals.

There are six specifications of error, but those relied upon by plaintiff all go to the order of the court overruling demurrer to the defendant's evidence and directing a verdict for defendant.

The written contract here involved is almost identical in form with the one in Advance-Rumely Thresher Co. v. Yancey, 100 Okla. 197, 229 P. 149, and most of the questions raised in this appeal were there settled adversely to the contention of plaintiff.

The warranty clause is, in effect, a specific warranty against defects in material and workmanship, and also a warranty that the machinery sold would be suitable to and would perform the ordinary work for which it was made or manufactured.

The evidence of the defendant is uncontradicted to the effect that the machinery sold failed to meet this warranty. In fact plaintiff in the concluding statements of its brief admits as much. The contract states three conditions which must have existed before defendant was entitled to rely upon any breach of the warranty and rescind the contract or to make any claim or set-off against the vendor because of such breach: (a) Notice of the defect or breach given to the vendor by registered letter addressed to the vendor and posted within four days after the discovery of such defect and

specifying the time of such discovery; (b) that such defect or breach appear within ten days after the first use of the goods; and (c) that vendor failed to remedy such defect or breach by substitution of parts or otherwise within a reasonable time.

That the defect and breach of the warranty appeared within ten days after first use of the machine is unquestionable. It is not seriously contended that plaintiff remedied the defect within a reasonable time or at all. The defects in the machinery were, in some respects, according to the evidence of defendant, such as could not be remedied by substitution of parts, that is, the design or construction of the machine was such as to render it incapable, with proper use, of doing as good work as any other machine of the same kind, size, and rated capacity. In this respect, according to the evdence of defendant, the machine utterly failed to come up to the warranty. But defendant did not notify plaintiff in the manner provided by the contract. If defendant is to be held strictly to the terms of the contract without regard to any question of waiver by plaintiff, then he is not entitled to the judgment he obtained. But in Advance Rumely Thresher Co. v. Yancey, supra, it was held that the condition with reference to notice may be waived by the vendor. Defendant did notify the agent of plaintiff. Plaintiff sent its experts, who worked on the machine in an effort to make it do the work, but were unable to do so. While defendant testified that the expert told him that the machine was in good working order and it would do proper work when he left it, the evidence is that the machine was incapable of doing proper work even though every part thereof was of good material and the workmanship perfect. Under the rule announced in the Yancey Case, supra, plaintiff clearly waived written notice of the defect in the machinery. It is urged that defendant was under obligation to again notify plaintiff in the manner provided by the contract when it developed that the machine would not do the work after the experts had worked upon it and informed defendant that it would do the work. This contention is without merit. The breach of warranty had already occurred and was of such nature that it could not be remedied. At least, this is the evidence of the defendant, the truth of which stands admitted by the demurrer thereto.

It is next contended that defendant was not entitled to recover herein for the reason he did not return the machine to the place from which he received it after the service men failed to make it work properly, but continued to use it for several days in harvesting his crop. In support of this contention plaintiff relies upon that part of the contract which reads: "If vendor fails to remedy the defect, purchaser shall have the right immediately to return the defective goods* * *and shall thereupon give vendor immediate notice of such return."

Plaintiff contends that it was the duty of defendant to return the machine immediately after he discovered that it could not be made to work properly, and immediately thereafter notify plaintiff of such return. The contract should not be given such narrow construction. In the first place, the contract merely gives the purchaser the right to immediately return the machine—it does not specifically require him to do so. But, conceding, for the sake of argument, that it did require the purchaser to immediately return the machine, then the question arises, When would this duty devolve upon defendant? Certainly not immediately after the discovery, for the vendor was given a reasonable time to remedy the defect. Defendant had a right to wait a reasonable length of time in order to give the vendor an opportunity to remedy the defect. On September 20, 1926, about 75 days after the expert last worked on the machine, defendant wrote plaintiff a letter apparently in response to a request made by plaintiff that defendant state his objection to the machine, in which he stated some six specific defects which he claimed rendered the machine useless, and in which he told plaintiff that he could not use the machine.

It is apparent that defendant had, prior to that time, notified plaintiff in some way that the machine did not come up to the warranty. To this letter plaintiff made no response whatever. It did not then complain that the notice had not been given in time, nor in the proper manner, nor did they call upon defendant to return the machine or complain that he had not done so. From the nature of the defect pointed out by defendant, it is apparent that he had waited a reasonable length of time for plaintiff to remedy such defects. Defendant, after having waited until about May, 1926, again wrote plaintiff a letter in which he again pointed out the defects, and stated that he could not use the machine, and tendered it back and offered to deliver it to

the place he had received it. Plaintiff did not then object that defendant had not in fact returned the machine and notified plaintiff thereof by registered mail. It apparently made no response to this letter. Defendant's evidence as a whole was that the combine harvester in question was fundamentally defective in design, and could not be made to do the work, and the model made and sold by plaintiff to defendant was abandoned. In order to cure the defect it would have been necessary for plaintiff to furnish defendant with a machine so designed and modeled as to cure the defects. Plaintiff could have done so at any time up to the time of the last letter written by defendant and still been within a reasonable time, considering the things necessary to have been done.

It is apparent that plaintiff at all times knew the machine would not do as good work under similar conditions as any other machine of the same kind, size, and rated capacity. Instead of in good faith attempting to remedy the defect, plaintiff apparently hoped to evade its duty in the premises and rely upon failure of defendant to comply in all technical details of the contract relative to giving notice, etc., and then compel defendant to pay for a machine which was practically useless for the purposes for which it was manufactured and sold. Plaintiff was given a reasonable length of time to remedy the defects. It failed to do so.

It is suggested that defendant waived any claim that he might have against plaintiff by signing the statement referred to. It must be conceded that there was no consideration for such waiver unless it be, as suggested by plaintiff, the services of the experts furnished by plaintiff in an attempt to make the machinery work. This suggestion is entirely without merit. It was the duty of plaintiff under its contract to remedy the defects, if any, in the machinery at its own expense. Defendant was under no obligation whatever to pay for the services of the mechanics and experts sent by plaintiff in an endeavor to make the machine do the work.

We find no reversible error in the record, and the judgment is affirmed.

CULLISON, V. C. J., and SWINDALL, McNEILL, BAYLESS, and BUSBY, JJ., concur. ANDREWS, OSBORN, and WELCH, JJ., absent.